**GREEN HILLS PRODUCTION CREDIT ASSOCIATION, Respondent,**

v.

**R & M PORTER FARMS, INC., et al., Appellants.**

**No. WD 37145.**

Missouri Court of Appeals, Western District.

July 8, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied Oct. 14, 1986.

Ross H. Porter, Dorothy L. Porter and Marvin Porter pro se.

Jim Tom Reid, Kansas City, for respondent; Shockley, Reid & Koger, of counsel.

Before MANFORD, P.J., and PRITCHARD and TURNAGE, JJ.

PRITCHARD, Judge.

This action began upon Green Hills' petition in replevin upon which it was granted summary judgment.

On June 8, 1984, Green Hills filed its petition in replevin and obtained an order of delivery and writ of replevin, which was first directed to the Sheriff of Daviess County. By amendment on the same day, the order and writ were issued to the sheriff of Caldwell County. The trial court approved a bond of $79,000 which was twice the alleged value of the property sought to be replevined.

Green Hills alleged that the corporation and the Porters (Ross H., Dorothy L. and Marvin J. Porter, who appear here pro se) executed and delivered to it for value on January 30, 1980, a promissory note for $73,685, and that they all for value executed and delivered these promissory notes: April 23, 1982, $51,340; July 13, 1982, $56,884; February 17, 1982, $441,652.21; February 8, 1983, $23,800; and January 5, 1983, $50,065. To secure payment, appellants gave a security interest in personal property, consisting of farm equipment, livestock and crops, and also a mortgage on the Porter farm which was foreclosed and sold on January 27, 1984, for $200,000,

which was credited on the debt. It was alleged that there remained an outstanding balance, and the notes were in default.

In Point II, appellants contend that the grant of summary judgment against them was improper because Green Hills failed to show that no genuine issues of fact existed concerning valuation of the property, execution and default on promissory notes, and adequacy of consideration.

■ Two matters are for review of a summary judgment: First, whether there is a genuine issue of material fact requiring a trial, and second, whether the prevailing party was entitled to judgment as a matter of law. *Butcher v. Ramsey Corp.*, 628 S.W.2d 912, 914[1] (Mo.App.1982). Plaintiff, in a replevin suit, must allege and prove his right to immediate possession of the property at the time suit was filed, and that defendant was then wrongfully detaining the same. *Fawley v. Bailey*, 512 S.W.2d 477, 479 [3–5] (Mo.App.1974); *Monarch Loan Co. v. Anderson Transmission Service*, 361 S.W.2d 328, 331[2, 3] (Mo.App. 1962). It was held in *Auffenberg v. Hafley*, 457 S.W.2d 929, 935[9–11] (Mo.App. 1970), that the execution of a note secured by a chattel mortgage (now called a security interest) with right of possession on default gives the promisee a special interest in the mortgaged property which is sufficient to sustain an action in replevin.

■ As to the valuation of the property, the purpose of the Rule 99.03(c) requirement that the actual value of the property be stated in the affidavit is for the court to determine if the amount of the replevin bond is sufficient. Here, Green Hills alleged in its petition a description of and value of the property sought to be replevined as required by Rule 99.03, and as noted, bond was filed in an amount double the stated value of the property. The trial court noted that the previous circuit judge, Honorable Kenneth R. Lewis, had approved the bond, and in this hearing, requested by appellants, the present circuit judge likewise approved the bond. Appellants seem to be contending that the bond amount was insufficient. In *Auffenberg v. Hafley*, 457

S.W.2d 929, 936[19–23] (Mo.App.1970), it was said, "[P]roperty seized under a writ of replevin and delivered to a plaintiff, remains in custodia legis, with no power on the part of plaintiff to sell while the suit is pending. * * * We should further point out that the giving of the statutory bond merely determines the right of custody of property pending the outcome of the suit in replevin. It does not determine the ultimate rights of the parties to possession of the property. * * * Improper disposition of the property or inadequacy of the bond does not affect the ultimate rights of the parties in the replevin action and those irregularities pointed out here cannot be raised to reverse the judgment of the court which is based upon those ultimate rights." The valuation of the property here, upon which the amount of bond was based, is not a material fact that bears on the ultimate right to possession which is the issue in this replevin action. The contention, therefore, may not be used as a basis to reverse the summary judgment.

Appellants admitted in their answer to Green Hills' petition that they executed and delivered the promissory notes in question. Furthermore, each appellant testified in deposition that the notes were executed by them. Admissions were also made as to the giving of the security interest.

As to default in the payment of the promissory notes, appellants stated in their counterclaim that they were "delinquent on their loans". In their answer, they denied the default in the notes, but stated that they refused to pay on them. They thus effectively admitted that they were not making the required payments.

■ Appellants claim that Green Hills did not give value for the promissory notes since it supplied them with bank credit instead of actual money. They also asserted the contention in a counterclaim for fraud. Appellants' argument is not clear, but they appear to claim that Green·Hills fraudulently and illegally created an account on a bookkeeping ledger which resulted in money being loaned to them that

did not exist. Marvin Porter acknowledged in his deposition that Green Hills' check was sent to either the Farmers State Bank at Cameron or the First National Bank of Gallatin, where it was deposited to the corporation's account (R & M Porter Farms, Inc.). Then the corporation's checks were issued to pay for feed, equipment or services provided by third parties, and for the living expenses of the two families. The checks upon presentation at the bank would be debited to the corporation's account. Clearly, the proceeds of the notes were used in the operation of the farm, and value was received by appellants through credits to their bank accounts. This is the usual manner of transacting business and discharging obligations in modern society. Appellants' contention is without merit.

■ In Point III, appellants contend that they were denied due process of law because they were not given notice and an opportunity to be heard prior to the seizure of their farm equipment and tools. They cite *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which did require a pre-seizure hearing. That case, however, was modified by *Mitchell v. W.T. Grant Company*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), which approved, as against a due process challenge, Louisiana's procedure authorizing a prejudgment seizure upon an ex parte application and (among various other requirements) an affidavit which states specific facts showing plaintiff's entitlement to possession of the property. It is accurately stated in *State ex rel. Tallen v. Marsh*, 633 S.W.2d 458, 461 (Mo.App.1982), that the Supreme Court adopted its Rule 99 on replevin, obviously meaning to adopt the standards of the *Mitchell* case, supra. The record shows that appellants were served with an amended order of delivery and writ of replevin on June 8, 1984. They requested a hearing on the writ of replevin on June 12, 1984, and after interim proceedings, the hearing was held on March 15, 1985. That is sufficient under the Rule.

■ Appellants also contend that Green Hills' replevin affidavit is insufficient un-

der Rule 99.03. As required by the Rule, the affidavit describes the property; states facts showing Green Hills is entitled to the possession of the property; the actual value of the property; states that the property has not been seized under any legal process; and "That defendants have hidden some of said personal property and plaintiff is in immediate danger of losing said personal property and is entitled to immediate possession thereof." The affidavit states that the notes and security agreement are attached thereto, but the legal file shows only that copies of those documents follow the petition in replevin. In contrast to the conclusionary statement in the *Tallen* case, supra, the affidavit and documents in the legal file show the contracts to be promissory notes secured by a security agreement. The parties are described. Default in payment (after 1983) is stated. The statements and documents are sufficient to sustain the affidavit and order of possession.

■ Appellants again contend that no notice was served on them until after the property was seized. That is true, but the notice was served very shortly after the seizure. Service was had on Marvin Porter by leaving a copy of the notice and summons with his wife, Teresa, at his usual place of abode. That is good service under Rule 54.13. Appellants claim that there was no service of notice and summons on Ross and Dorothy Porter. They say they were out of town and could not have been served on June 8, 1984, the date the sheriff certified that he made service. The sheriff's return, regular on its face, is conclusive on the parties to the suit. *Roberts v. King*, 641 S.W.2d 475, 477[2] (Mo.App. 1982); *Ballard v. Ryan*, 646 S.W.2d 398, 400[3, 4] (Mo.App.1983). If the sheriff's return is incorrect, the remedy is an action against him on his bond. *State ex rel. Seals v. McGuire*, 608 S.W.2d 407, 409[1] (Mo. banc 1980).

■ Appellants lastly contend that the trial court erred in dismissing their answer and counterclaims, which were imposed as a sanction for their evasions and refusal to

make discovery. The notice of appeal, which was signed by appellants' then counsel, Mr. Danny R. Nelson, describes the case as "Replevin of personal property" and the judgment or order appealed from as "Summary judgment for plaintiffs". Nowhere is there any reference to that part of the judgment dismissing the answer and counterclaims. This court is precluded from taking up any claimed error in the dismissals. Rule 81.08(a); *Charles v. Ryan*, 618 S.W.2d 220, 224[5] (Mo.App. 1981), and cases cited.

The matter of the propriety of the entry of summary judgment has been reviewed, and it is found that on all issues presented, Green Hills has shown by unassailable proof to be entitled thereto as a matter of law.

The judgment is affirmed.

All concur.