**FERRELL MOBILE HOMES, INC. and Home Trust Corp., Plaintiffs–Respondents,**

v.

**Rodney HOLLOWAY and Karen Holloway, d/b/a K & R Mobile Home Rentals, Defendants–Appellants.**

**No. 21543.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 4, 1997.

Jim S. Green, P.C., Sikeston, for Defendants-Appellants.

Karen J. Miller, Spain, Merrell & Miller, Poplar Bluff, for Plaintiffs-Respondents.

PREWITT, Judge.

After non-jury trial, the trial court found that Plaintiffs were entitled to possession of

two mobile homes which Plaintiffs had sought and received through this replevin action. Defendants appeal, presenting two "points relied on."

Plaintiffs sought possession of two mobile homes which were, at the time this action was filed, located on real property owned by Defendants. Plaintiffs asserted a right to possession of a 1970 SKYL mobile home which had previously belonged to Michael Cowell and Trina Cowell (hereinafter referred to as the "Cowell mobile home"). Plaintiffs also claimed a right to possess a 1991 TRIL mobile home, which had been purchased from Plaintiffs by Timothy Lee and Rosa Lee (hereinafter referred to as the "Lee mobile home"), and to which Plaintiffs claimed a security interest and a perfected lien.

Review of a judgment entered by the trial court sitting without a jury is governed by Rule 73.01, which has been "construed to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ "Replevin is a possessory action to obtain from defendant property that he possesses, ... [and such action] relies upon a right to possession, not ownership." *Auto Alarm Supply Corp. v. Lou Fusz Motor Co.,* 918 S.W.2d 390, 392 (Mo.App.1996). Because the "gist of a suit in replevin is to test plaintiff's right to possession of chattels and the wrongful detention of the chattels by defendant," it is necessary to weigh Plaintiffs' right to possession against Defendants' right of possession. *Community Bank of Chillicothe v. Campbell,* 813 S.W.2d 40, 43 (Mo.App.1991).

■ It is a plaintiff's burden to "prove his right to immediate possession of the property at the time suit was filed, and that defendant was then wrongfully detaining the same." *Green Hills Prod. Credit Assoc. v. R & M Porter Farms, Inc.,* 716 S.W.2d 296, 298 (Mo.App.1986). Additionally, "a plaintiff's

right of recovery depends upon the strength of his own claim, and not on the weakness of the defendant[']s." *Olson v. Penrod,* 493 S.W.2d 673, 676 (Mo.App.1973).

Plaintiff Ferrell Mobiles Home, Inc. (Ferrell) is a retail seller of mobile homes. Plaintiff Home Trust Corporation (Home Trust) is a corporation formed by the stockholders of Ferrell to finance mobile homes sold by Ferrell. Defendants Rodney Holloway and Karen Holloway own and operate a mobile home park known as K & R Mobile Home Rentals (K & R). The two mobile homes were parked at K & R on lots rented to the Cowells and to the Lees.

In their first point relied on, Defendants stated that the trial court erred "in finding plaintiffs had the right to possession of the mobile homes because there [was] no evidence of any right to possession by [Plaintiffs]," and that Plaintiffs were "no longer the holder of any security interest in either mobile home."

■ The Cowell mobile home was assigned to Plaintiffs at the time the Cowells purchased another mobile home from Plaintiffs. Defendants argued that this mobile home "was traded to Cowell by [Plaintiffs]." Such statement reflects a misunderstanding of the facts. The evidence and testimony at trial showed that the Cowells purchased a new double-wide mobile home from Plaintiffs, and at that time, traded in their 1970 SKYL mobile home to Plaintiffs. For eight to ten weeks after the Cowells purchased the new mobile home, they continued to reside in the 1970 mobile home parked upon Defendants' real property and continued to pay monthly lot rental to Defendants. Plaintiffs became the owner of the Cowell mobile home when the Cowells assigned their interest to Plaintiffs by signing the assignment on the reverse side of the certificate of title in favor of Plaintiffs. Therefore, the trial court's finding that Plaintiffs were entitled to possession of the Cowell mobile home was not in error.

■ Regarding the Lee mobile home, the evidence showed that Plaintiff Home Trust financed the Lees' purchase of this mobile home, and that Home Trust was listed as a lienholder on the title, as required by Section

700.350.3, RSMo 1994. Compliance with Section 700.350.3, RSMo, perfected Plaintiffs' lien against the Lee mobile home. Plaintiffs' security interest remained perfected at the time the replevin action was filed. Therefore, because Plaintiffs held a perfected security interest in the Lee mobile home, they have a right to possession of this mobile home. Point I is denied.

In Point II, Defendants asserted they were entitled to possession of the Lee mobile home under Section 700.533, RSMo 1994, because they had physical possession of the mobile home and were owed rental payments. Defendants, therefore, conclude that Plaintiffs must first pay Defendants the amount due for lot payments before Plaintiffs could take possession of the Lee mobile home.

We conclude that any right of possession under Section 700.533, RSMo 1994, is dependent upon compliance with Section 700.527, RSMo 1994. Defendants made no attempt to comply with the latter section. Section 700.533 only applies when the landlord is "seeking possession" under Section 700.527. As these sections were enacted together, general rules of statutory construction require that they be considered as a whole, and not construed separately.

> A statute is passed as a whole and not in part or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed.

Norman J. Singer, Sutherland Stat. Const. § 46.05 (5th ed.1991).

Missouri courts agree. *See State v. Meggs,* 950 S.W.2d 608, 610 (Mo.App.1997)(it is "fundamental that a section of a statute should not be read in isolation from the context of the whole act). In interpreting legislation, [the court] 'must not be guided by a single sentence ..., but [should] look to the provisions of the whole law, and its object and policy.'" *See also State v. Haskins,* 950 S.W.2d 613, 615 (Mo.App.1997); *Eminence R–1 Sch. Dist. v. Hodge,* 635 S.W.2d 10, 13 (Mo.1982)(an "aid in ascertaining legislative intent is the rule that the entire act must be construed together and all provisions must be harmonized").

This rule of interpretation is especially true when statutes relate to the same subject matter and were passed at the same legislative session. *Rothschild v. State Tax Comm'n of Missouri,* 762 S.W.2d 35, 37 (Mo. banc 1988). *See also* Norman J. Singer, Sutherland Stat. Const. § 51.03 (5th ed.1991). The statutes at issue in this case, Sections 700.527 and 700.533, were both adopted in 1992, through H.B. 1434 and 1490. "The general rule in Missouri is ... that acts adopted in the same session are to be construed in harmony, ..." *Berdella v. Pender,* 821 S.W.2d 846, 849 (Mo. banc 1991). Hence, Sections 700.527 and 700.533 are to be construed together.

An owner of real property may seek the right to possession of an abandoned mobile home located on that owner's real property if such landlord complies with the procedure set forth in Section 700.527, RSMo 1994 (since amended, see RSMo Supp.1995). Thus, for a landlord to receive payment of a "reasonable" rent under Section 700.533, he must have first complied with Section 700.527. As that did not occur, Point II is denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.