Urban MARTINEZ, Plaintiff/Appellant,

v.

STATE of Missouri, Defendant/Respondent.

No. ED 76224.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 1, 2000.

---

Gino F. Battisti, St. Louis, for appellant.

Andrew F. Wasserman, Asst. Pros. Atty., St. Louis, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

Urban Martinez (Appellant) appeals from the judgment denying his petition to expunge arrest records following the jury acquittal of the charge for which he was arrested. The issue is whether the provision of Missouri's expungement[1] statute requiring that no charges "will be pursued" as a result of the arrest automatically bars relief to one who has been tried and acquitted. Finding that it does not, we reverse and remand for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested in June of 1997 and subsequently indicted on one count of forcible rape. The case went to trial in May of 1998. The jury found Appellant not guilty of the offense.

Thereafter, pursuant to the provisions of Sections 610.122[2] and 610.123 RSMo Cum.

---

1. We will use the terms "expungement" and "expunction" interchangeably throughout this opinion.

2. Section 610.122 was part of a comprehensive expungement act relating to arrest records, consisting of five statutory sections, that was enacted by our legislature in 1993 and subsequently amended in 1995. Section 610.122 sets forth the substantive criteria for entitlement to expungement of such records. Section 610.123 provides the procedure and required contents of an expungement petition.

Section 610.124 specifies the procedures required of law enforcement agencies in carrying out an expungement order, and also provides for the right of appeal in expungement actions. Section 610.125 provides specified criminal penalties for certain persons who willfully refuse to carry out a court's order of expungement. Finally, Section 610.126 contains several miscellaneous provisions, including a provision that no expungement order shall reflect on the validity of the original arrest; that courts of this state shall not have authority to expunge arrest records except as

Supp.1998 [3], Appellant filed his Petition to Expunge Arrest Records in the Circuit Court of St. Louis County. In accordance with Section 610.123(4), Appellant named as Defendants numerous courts, prosecutorial, and law enforcement agencies, as well as the State of Missouri. Of the named Defendants, only the office of St. Louis County Prosecuting Attorney (hereinafter, "Prosecutor") contested the petition, although several others, including the St. Louis County Police Department and the Federal Bureau of Investigation ("F.B.I.") filed responses indicating that they would neither consent to nor oppose the petition.

In January of 1999, the Prosecutor filed a motion to dismiss Appellant's expungement action. It asserted three grounds for dismissal: (1) that despite Appellant's acquittal his arrest was not based on false information, as required by Section 610.122; (2) that despite the acquittal there was "probable cause" to believe Appellant had committed the charged offense, which meant that he did not satisfy the requirement of Section 610.122(1); and (3) that criminal charges had already been pursued in the matter, thereby making it impossible as a matter of law for Appellant to meet the requirement of Section 610.122(2) that "no charge will be pursued as a result of the arrest."

Shortly after the Prosecutor's motion to dismiss was filed, appellant filed a motion for summary judgment. Appellant's motion argued there was no genuine issue of material fact regarding any of the six required statutory elements for expungement under Section 610.122, thus entitling him to judgment as a matter of law. The Prosecutor filed a timely response to appellant's summary judgment motion.

On April 12, 1999, the court heard arguments on Prosecutor's motion to dismiss and on Appellant's motion for summary judgment. The record conclusively established that Appellant had no prior or subsequent misdemeanor or felony convictions, that there were no other pending civil actions relating to the arrest, and that Appellant had not received a suspended imposition of sentence. After the hearing, the court entered the following order and judgment, which stated in pertinent part:

The Court, having taken Judicial Notice of the file, finds that no material issues of fact exist which would defeat summary judgement.

The file reflects, and the Court finds, that plaintiff was indicted by the Grand Jury of St. Louis County for forcible rape on 4 September 1997.

The file reflects, and the Court finds that on 29 May 1998, plaintiff was found, after Jury Trial, not guilty.

Plaintiff seeks expungement pursuant to Sec. 610.122 RSMo.

The record reflects that the arrest was based on false information and that no probable cause exists at this time to believe that plaintiff committed the offense of forcible rape.

The plaintiff has no prior or subsequent convictions.

The plaintiff did not receive a suspended imposition of sentence; no civil action is pending.

The record reflects that charges were pursued.

The Court finds that Sec. 610.122 RSMo is inapplicable, but that Sec. 610.105 RSMo is applicable and the records are closed with exception of the application of Sec. 610.120 RSMo.

The Court does not believe it has the power to equitably expunge the arrest;

provided by the act; and that any individual who has sought and obtained an order of expungement may not thereafter bring any action against any person or agency concerning the arrest described in the expunged records.

3. All further statutory references are to RSMo Cum.Supp.1998 unless otherwise noted.

if the power existed the record is clear that these circumstances are exceptional and that the disclosure, even in the limited terms of Sec. 610.120, works on [sic] unfair hardship, the Court would equitably expunge the record.

It is the Judgment and order of the court that Plaintiff's arrest is closed within the provisions of Sec. 610.105 RSMo.

When taken in context it is clear from the above judgment that the trial court, although finding against the State on the first two grounds asserted in its motion to dismiss, found in favor of the State on its third asserted ground: namely, that Section 610.122(2) made the expungement statute inapplicable to Appellant and barred him from relief because "charges were pursued" in the criminal case. It is from that judgment that Appellant now appeals.

### STANDARD OF REVIEW

Although styled a "motion to dismiss," the Prosecutor's motion was in substance more akin to a motion for summary judgment. In reviewing the grant of summary judgment, we view the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Because the propriety of summary judgment is purely an issue of law, and the criteria on appeal for determining its propriety are no different from those which should be employed by the trial court, our review is essentially de novo. *Id.*

█ Additionally, the trial court's judgment is based upon statutory interpretation. Construction of a statute is purely a question of law. *Delta Air Lines, Inc. v. Director of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995). The decision appealed from is therefore within this Court's province of independent de novo review, and no deference is given to the trial court's determination of law. *Barry Service Agency Company v. Manning*, 891 S.W.2d 882, 887 (Mo.App. W.D.1995).

### DISCUSSION

#### I. No Charges "Will Be Pursued"

█ The threshold issue concerns the interpretation of the language in Section 610.122 [4] which requires a finding that no charges "will be pursued" as a result of the arrest. In his sole point on appeal Appellant contends the trial court erred in holding that once criminal charges were pursued following arrest Section 610.122 was no longer an available remedy. Appellant argues that the requirement that no charges "will be pursued" as a result of the arrest speaks unambiguously in the future tense only, and hence that where charges have already been fully pursued at the time of an action to expunge, the statutory requirement has been met since no further charges *will be* pursued.[5] The Prosecutor disagrees, arguing that Section 610.122(2)

---

4. The section in its entirety reads as follows:
 **610.122 Expunging arrest records, grounds**
 Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to section 43.503, RSMo, may be expunged if the court determines that the arrest was based on false information and the following conditions exist:
 (1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;
 (2) No charges will be pursued as a result of the arrest;
 (3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;

 (4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and
 (5) No civil action is pending relating to the arrest or the records sought to be expunged.

5. The facts conclusively establish that no future charges will be pursued against Mr. Martinez in this matter, as he cannot again be arrested or tried for the offense under the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

was intended to include both future *and* past prosecutions, and accordingly should be interpreted to read "no charges will be *or have been* pursued as a result of the arrest."

### A. *Prior Case Law Concerning Section 610.122*

At the outset, we must address the fact that we have touched upon this issue once before, in the only previously reported case concerning Section 610.122, *P.B.S. v. Prosecuting Attorney's Office of St. Louis County*, 998 S.W.2d 835 (Mo.App. E.D. 1999). Even though neither party has briefed it, we must consider whether our holding in *P.B.S.* is dispositive. We conclude that it is not. In *P.B.S.*, the petitioner who sought expungement of his arrest records had pled guilty to the offense and then received a suspended imposition of sentence. *P.B.S.*, 998 S.W.2d at 836. After noting that Section 610.122(2) requires a showing that no charges will be pursued as a result of the arrest, we stated: "Respondent is not entitled to an expungement because the only evidence before the court was Respondent's indictment and guilty plea and, therefore, charges clearly were pursued." *P.B.S.* at 837.

However, Section 610.122(4) is unequivocally clear that receiving a suspended imposition of sentence is a condition which bars an individual from entitlement to expungement of the arrest records. Therefore, the statement quoted above from *P.B.S.* regarding Section 610.122(2) was mere dictum having no precedential value, as it was not necessary to the decision of that case.

"There is no doctrine better settled than that the language of judicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to a decision." *Parker v. Bruner*, 683 S.W.2d 265 (Mo. banc 1985), (quoting

from *State ex rel. Baker v. Goodman*, 274 S.W.2d 293, 297(Mo. banc 1954)). Accordingly, *P.B.S.* is not controlling or dispositive of the precise issue of statutory construction that we are faced with and must now determine in the case at bar.

### B. *Plain Meaning/Ambiguity*

When construing a statute, our primary role is to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 340 (Mo. banc 1991). In determining legislative intent, words and phrases used in the statute are to be construed in their plain, ordinary and usual sense. *Id.; Trailiner Corp. v. Director of Revenue*, 783 S.W.2d 917, 920 (Mo. banc 1990); Section 1.090 RSMo 1994. That meaning is usually derived from the dictionary. *Abrams v. Ohio Pacific Express*, 819 S.W.2d at 340. There is no room for construction when the words are plain and admit to but one meaning. *Id.* Accordingly, where the language of a statute is unambiguous, we will give effect to the language as written and will not resort to rules of statutory construction. *Id.;* see also *M.A.B. v. Nicely*, 909 S.W.2d 669, 672 (Mo. banc 1995). When no ambiguity exists, there is nothing to construe. *State v. Board of Education*, 294 Mo. 106, 242 S.W. 85, 87 (1922).

As Appellant notes, the literal language of Section 610.122(2) states simply that no charges "will be pursued" as a result of the arrest; and the plain and ordinary meaning of those words is ordinarily understood to refer to the future tense only. Courts construe statutory language, including the tense used, in a way that appears to be most consistent with its plain meaning. See, *e.g., Chas. C. Meek Lumber Co. of Branson v. Cantrell*, 813 S.W.2d 936, 938 (Mo.App. S.D.1991). Moreover, as Appellant also notes, a reviewing court may not add words by implication where the statute is clear and unambiguous. *Smith v. Sheriff*, 982 S.W.2d

775, 779 (Mo.App. E.D.1998). Appellant then argues: "The words 'will be pursued' clearly and unambiguously speak to some future action and not past events. For if the words were intended to mean that no charges were ever pursued (as suggested by the Prosecutor), the legislature simply would have drafted the provision to read 'no charges *were, or will be* pursued as a result of the arrest.'" Thus, Appellant contends, the statute speaks unambiguously in the future tense only and requires a petitioner to prove that, at the time an action to expunge is presented, no charges will be pursued. We find this argument to be persuasive. Appellant is correct that the requisite finding, whether future charges "will be pursued," can only be determined by the court *after* a petition seeking expungement has been filed.

Nevertheless, the Prosecutor argues the meaning is not plain, and there is an ambiguity, in that it is not entirely clear whether the words "no charges will be pursued" were intended by the legislature to be applied by the court only with respect to future charges pursued, or whether instead they were intended to apply from the date of the arrest. When all of the provisions of Section 610.122 are read together and also in conjunction with related statutes, the prosecutor argues, the temporal meaning of subsection 2 (the requirement that no charges "will be pursued" as a result of the arrest) could be read differently by reasonably well-informed persons. If so, that part of the statute would be ambiguous. *State v. Haskins*, 950 S.W.2d 613, 616 (Mo.App. S.D.1997) (citing 2A SUTHERLAND, STATUTORY CONSTRUCTION, § 45.02 at 6 (5 th ed.1992)).

C. *Applying Rules of Construction*

Therefore, assuming *arguendo* an ambiguity in the statute, we will resort to the rules of statutory construction. *Abrams v. Ohio Pacific Express*, 819 S.W.2d at 341.

(1) *Examination of Relevant Common Law and Statutory History*

Statutes, and legislative intent, may be construed with reference to the background history of relevant common law and prior legislative enactments on the subject. *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568, 573 (Mo.App.Spr.Dist.1976); 2A SUTHERLAND, STATUTORY CONSTRUCTION, § 45.10 at 46–48 (5 th ed.1992). The historical background suggests that, if the legislature had intended to exclude individuals who had been tried and found not guilty from the opportunity to seek expungement of their arrest records, it would have clearly so indicated in the statute.

Sections 610.122 through 610.126 RSMo, together with a revised version of Section 610.105 RSMo, were all passed in 1993. Laws of Mo.1993, at 1594–95. In 1981 the version of Section 610.100 RSMo then in effect provided for a limited right of expungement of arrest records, and that same year underwent a substantial revision in which the expungement provision was eliminated. See *Kuenzle v. Missouri State Highway Patrol*, 865 S.W.2d 667, 668 (Mo. banc 1993). Nevertheless, prior to that 1981 revision and continuing up to the 1993 legislation, Missouri courts have repeatedly recognized or assumed an inherent judicial power to equitably expunge arrest records in cases involving "extraordinary circumstances." See *Kuenzle*, 865 S.W.2d at 669; *Lindsay v. Hopkins*, 788 S.W.2d 776, 778–79 (Mo.App. E.D.1990); *Buckler v. Johnson County Sheriff's Department*, 798 S.W.2d 155, 158 (Mo.App. W.D.1989); *State v. Bachman*, 675 S.W.2d 41, 51 (Mo.App. W.D.1984); *State ex rel. Peach v. Tillman*, 615 S.W.2d 514, 519 (Mo.App. E.D.1981). Each of those cases expressly recognized that acquittal is one of the rare "extraordinary circumstances" that may warrant an equitable order of expungement.

The legislature is presumed to be aware of the state of the law at the time it enacts a statute. *In the Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. banc 1996); *State v. Haskins*, 950 S.W.2d at 616. In cases of ambiguity, statutes are to be con-

strued with reference to the principles of common law in force at the time of their passage, and statutes are not to be interpreted as effecting any change in the common law unless clearly so indicated in the statute. 82 C.J.S. *Statutes*, Sec. 350, p. 461 (1999). Nothing in Section 610.122 expressly provides that one who has been tried and acquitted may not seek expungement of his arrest records; and subsection 2 simply states that a petitioner must show that no charges *will be* pursued as a result of the arrest—— not that the petitioner must also show that no charges ever *were* pursued.

Therefore, we conclude that in enacting Sections 610.122 through Section 610.126 in their current form, the Missouri legislature eliminated the inherent equitable power of courts to expunge arrest records,[6] but at the same time it vested the courts with statutory authority to do so, by codifying six very specific and stringent criteria that will apply in determining whether an order of expungement is justified. Nothing in those stated criteria provides that an individual who has been tried and found not guilty is barred from seeking an order of expungement.

### (2) The Expungement Act When Read As A Whole, And In Pari Materia With Related Acts

▮▮▮ Additionally, we are guided by the fundamental rule of construction that one part of a statute should not be read in isolation from the context of the whole act. *State v. Haskins*, 950 S.W.2d at 615. In ascertaining legislative intent it is proper that provisions of the entire act be construed together and, if reasonably possible, all provisions should be harmonized. *Ferrell Mobile Homes, Inc. v. Holloway*, 954 S.W.2d 712, 715 (Mo.App. S.D.1997). Because a statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent, each part should be construed in connection with other parts, and "it is not proper to confine interpretation to the one section to be construed." *Id.* "Related clauses are to be considered when construing a particular portion of a statute." *Hagely v. Board of Education*, 841 S.W.2d 663, 667 (Mo. banc 1992).

▮▮▮ Subsection 4 of Section 610.122 provides that an arrestee shall not be entitled to expungement if he or she received a suspended imposition of sentence for the offense for which the arrest was made, or for any offense related to that arrest. The act thus takes into consideration various scenarios that can occur after an arrest is made. In addressing charges that have already been pursued, the legislature expressly excluded cases where the defendant received a suspended imposition of sentence, by providing that expungement will not be available in that situation. Yet the act does not contain a similar express exclusion for defendants who have been tried and found not guilty. Exceptions in a statute strengthen the force of the law in cases not excepted. Had the legislature intended a trial and acquittal to bar the future remedy of expungement, it would have so provided in the same express terms as were used when considering the effect of a suspended imposition of sentence.

Notwithstanding the above, the prosecutor urges us to hold that when Section 610.122 is read *in pari materia* with related statutes (specifically, with Section 610.105[7] and Section 45.503 RSMo 1994),

---

**6.** Section 610.126.2 provides: "Except as provided by sections 610.122 to 610.126, the courts of this state shall have no legal or equitable authority to close or expunge any arrest record."

**7.** Section 610.105 reads, in pertinent part: "If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except that the disposition portion of the record may be accessed and except as provided in section 610.120."

it becomes apparent that the real legislative intent behind the words no charges "will be pursued" was that no charges will be *or have been* pursued in the case.

 The Prosecutor is certainly correct that statutes relating to the same or similar subject matter are *in pari materia,* and must be considered together when such statutes shed light on the statute being construed. *State v. Kraus,* 530 S.W.2d 684, 686–87 (Mo. banc 1975). The flaw in the Prosecutor's argument, however, is that reading the related statutes here *in pari materia* with Section 610.122 simply does not support the Prosecutor's position. Suspended impositions of sentence are specifically mentioned in Section 610.105, as are acquittals——yet Section 610.122 expressly provides that expungement will not be available when charges have been pursued that resulted in the defendant receiving *a suspended imposition of sentence,* but provides no similar express exclusion for defendants who have been tried and found not guilty.

Thus, both when the expungement act is read as a whole as well as *in pari materia* with related statutes, it indicates that the legislature intended the remedy of expungement is available to individuals who are tried and acquitted, *provided* such individuals can prove in court that they meet all six of the conditions required by Section 610.122.

(3) *Construing Remedial Legislation*

### II. *"False Information" and "Probable Cause"*

 Third, we are guided by the rule that remedial statutes are to be liberally construed. Statutes relating to expungement of arrest records have been universally recognized by courts as being remedial in nature. See *State ex rel. Curtis v. Crow,* 580 S.W.2d 753, 756 (Mo. banc 1979); *State v. Boniface,* 369 So.2d 115, 116 (La.1979); *State v. Penn,* 52 Ohio App.2d 315, 369 N.E.2d 1229, 1231 (1977); *State v. Zawistowski,* 339 So.2d 315, 316 (Fla.App.1976). The Supreme Court has

held statutes that are remedial in nature are to be liberally construed so as to effect their beneficial purpose. *Abrams v. Ohio Pacific Express,* 819 S.W.2d at 341. See also SUTHERLAND, STATUTORY CONSTRUCTION, § 60.01 at 147 (5 th ed.1992). A "liberal" construction is ordinarily one that makes the statutory rule or principle apply to more things or in more situations than would be the case under a strict construction. *Id.* Of course, this rule of construction, like all rules of construction, should never be applied to defeat the obvious intent of the legislature or the plain meaning of an act. *Id.* at 148. But when there is an ambiguity in a remedial statute, it should be construed "so as 'to meet the cases which are clearly within the spirit or reason of the law, or within the evil which it was designed to remedy, providing such interpretation is not inconsistent with the language used, ... *resolving all reasonable doubts in favor of applicability of the statute to the particular case.'* " *State ex rel. LeFevre v. Stubbs,* 642 S.W.2d 103, 107 (Mo. banc 1982) (citing *State ex rel. Brown v. Board of Education,* 294 Mo. 106, 242 S.W. 85, 87 (1922)). (emphasis added)

Thus, it would be contrary to this well-settled rule of construction for us to hold that Section 610.122(2) barred individuals who had been tried and acquitted from seeking expungement of their arrest records, when the statutory provision itself neither explicitly states nor necessarily implies such a limitation.

For the foregoing reasons, the trial court misinterpreted Section 610.122(2) as a matter of law and erred in denying Appellant's petition for expungement on that basis. Appellant's point on appeal is granted.

The Prosecutor also argues, however, that even if the trial court erred in its interpretation of Section 610.122(2), judgment should not automatically be entered in favor of Appellant. The Prosecutor contends the court erred in ruling in favor of Appellant, without the presentation of any

evidence, on the issues of whether Appellant was arrested based upon false information and whether there was no probable cause at the time of the expungement action to believe that Appellant actually committed the offense in question. We agree.

 Section 610.122 requires that the court must find that there "is no probable cause, at the time of the action to expunge, to believe the individual committed the offense." Similarly, the statute also requires the court to find that "the arrest was based on false information." "Probable cause" is a legal term of art. As used in this context,[8] we conclude that "probable cause" is intended in the broad sense of "reasonable cause," of "having more evidence for than against," and of facts which would cause a reasonably intelligent and prudent person to believe "that the accused person had committed the crime charged ...." BLACK'S LAW DICTIONARY 1201 (6th ed.1990). See also *People v. Scott M.*, 167 Cal.App.3d 688, 213 Cal. Rptr. 456, 462–63 (1985). "False information" as applied in this case would mean a finding that the alleged victim——who knew Appellant and on whose accusation his arrest was based——had falsely accused Appellant.[9]

 These two requirements of Section 610.122 necessarily imply and

mean that a petitioner seeking expungement under that statute has the burden to affirmatively demonstrate at a hearing, by a preponderance of the evidence if the matter is disputed by any of the named defendants,[10] his actual innocence of the offense for which he was arrested. See *Chase v. King*, 267 Pa.Super. 498, 406 A.2d 1388, 1390 (1979). This principle applies no less in cases where the petitioner was tried and acquitted than it does in cases where charges may have been dismissed or nolle prossed. It is in accordance with the well-settled rule that the burden of proof in a civil action rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue. *Michaelson v. Wolf*, 364 Mo. 356, 261 S.W.2d 918, 924 (1953).

Since the trial court in this case had no evidence before it on the issues of false information and probable cause other than the bare pleadings,[11] it is apparent the court assumed Appellant's acquittal conclusively established, for purposes of the action to expunge, that his arrest was based on false information and that he was factually innocent. That assumption is incorrect as a matter of law.

 A defendant's acquittal of criminal charges does not automatically

8. That context is separate and distinct from the term's application in cases to determine whether there was initially sufficient legal justification for an arrest, search or seizure, as well as from its application in the context of false arrest or malicious prosecution cases.

9. We leave to another day the question of whether the statute's requirement that the arrest be based on "false information" would bar relief in situations where, notwithstanding strong or even irrefutable proof of the petitioner's actual innocence and that he met the other statutory requirements for expungement, the arrest was based on information which created a false inference of guilt but which was not itself technically false.

10. A petition for expungement under this statute is a civil action, to be filed in the "civil division" of the circuit court. See Section 610.123.1. The normal standard of proof required in civil actions is by a preponderance

of the evidence. *Miller v. Watkins*, 355 S.W.2d 1, 2–3 (Mo.1962).; 32A C.J.S. *Evidence*, § 1311 (1996). When the legislature is silent as to the standard of proof to be applied in a statutorily created cause of action, this is regarded as a signal that the legislature intended for the preponderance of evidence standard to apply. *Id.*, § 1305. Even in civil matters where the cause of action is based upon or closely related to an underlying criminal charge, a preponderance of evidence is regarded as sufficient. *State v. Madget*, 297 S.W.2d 416, 427 (Mo. banc 1956).

11. Appellant contends the court took judicial notice of the "file" in the underlying criminal case. Our review of the record on appeal does not support that assertion; the record shows only that the court had proof of the jury verdict in the criminal case.

preclude a subsequent civil judgment against the defendant based on the alleged facts of the charged criminal offense, due to the different requisite standards of proof——a failure of the State to prove guilt beyond a reasonable doubt, compared to the mere preponderance of evidence standard required in civil actions. See *State ex rel. Cooper v. Hutcherson,* 684 S.W.2d 857, 858 (Mo.App. W.D.1984); 18 A.L.R.2d 1287 and Later Case Service, *"Conviction Or Acquittal As Evidence In Civil Actions Of The Facts On Which It was Based,"* § 6. Thus, the fact that Mr. Martinez was tried and ultimately acquitted of the charge of forcible rape, although it certainly is significant, does not automatically establish that he is innocent of the charged offense. Rather, it may merely mean that the State could not prove his guilt beyond a reasonable doubt. See *People v. Scott M.,* 213 Cal.Rptr. at 462. Civil relief under the expungement statute, in contrast, requires Appellant to bear the burden of affirmatively establishing his actual nonculpability. *Id.* at 463.

Thus, while Appellant is entitled to present evidence in an effort to show that he meets the specified criteria under Section 610.122 which would warrant an order to expunge his records of arrest, the Prosecutor is likewise entitled to an opportunity to contest Appellant's evidence and present opposing evidence. Only after such an evidentiary hearing, at which both parties have a fair opportunity to present their respective cases, is the trial court able to render a proper judgment.

### CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, J. and LAWRENCE E. MOONEY, J., concur.