**Roger D. HEDRICK, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.**

No. 27380.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 29, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Emily A. Dodge, Jefferson City, MO, for appellant.

Robert E. Childress, Springfield, MO, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

The Director of Revenue ("the Director") suspended the driving privileges of Roger D. Hedrick ("Hedrick") for driving while intoxicated. At a trial de novo, the Circuit Court of Greene County found there was not probable cause to arrest Hedrick and reinstated his driving privileges. The Director appeals that determination. We dismiss the appeal for lack of an adequate record.

In the record is a letter from the Director to the Greene County Circuit Court requesting the trial transcript. That letter requested that the clerk notify counsel in writing if no record was made. There is no response to the letter in the record and nothing more concerning the transcript in the legal file.

Appellant relies upon a letter dated February 24, 2006, that was written by the Director and addressed to this Court with the filing of the legal file. The letter contains a hearsay allegation that "Crystal, with Judge Jason Brown's office, has informed [the Director] that no record was made in the case, so therefore there is no transcript." If the Director wanted to rely on that letter as evidence that no trial transcript was made, then she should have sought written confirmation that no record was made of the trial from the circuit clerk and have it certified as part of the legal

file. Appellate courts generally do not consider evidence outside the record on appeal. *8182 Maryland Assoc., Ltd. P'ship v. Sheehan,* 14 S.W.3d 576, 587 (Mo. banc 2000). The February 24th letter is not properly before us.

As to the remaining record before us, the legal file includes the trial court's docket sheets, which includes an entry on the day of the trial: "Parties['] evidence submitted. Matter under advisement pending further evidence." Additionally, the parties filed a stipulation, which states that a videotape of Hedrick's stop and arrest was part of the record on appeal and was viewed by the trial court before entering its judgment. The legal file also includes police reports and the results of Hedrick's blood alcohol test, but there is no indication whether the police reports and blood alcohol test were offered or admitted into evidence.

■ Rule 81.13 [1] provides a means for parties to set forth an agreed statement as to the record on appeal:

When the questions presented by an appeal can be determined without an examination of all the pleadings, evidence and proceedings in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court. The statement shall include a copy of the judgment or order appealed from, a copy of the notice of appeal with its filing date and a concise statement of the points to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the Court may consider neces-

sary fully to present the questions raised by the appeal, shall be approved by the trial court and shall then be certified to the appellate court as the record on appeal.

Rule 81.13. A proper "agreed statement of the record on appeal" was not filed by the parties here.

■ The Director brings one point on appeal, claiming the trial court erred in reinstating Hedrick's driving privileges because there was probable cause to arrest Hedrick. We cannot, however, review the merits of this appeal in the absence of a transcript of the proceedings below or a proper record from the trial court. If a party petitions this Court for review of an issue, then it is his duty to provide "all of the record, proceedings and evidence necessary to the determination of all questions to be presented." Rule 81.12(a); *see also Davis v. Long,* 521 S.W.2d 7, 8–9 (Mo.App.Spfld.D.1975). Absent these items, this Court has nothing to decide. *Davis,* 521 S.W.2d 7, 9. The Director failed to provide all of the record, proceedings and evidence necessary for a determination of the questions to be presented.

We note all contested civil cases tried before an associate circuit judge must be recorded. Section 512.180.2.[2] This section provides for a variety of means for making such a record at the judge's discretion. *Id.* Regardless of the method employed, however, it is clear that a record of such proceedings must be made. *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 342 (Mo. banc 1992). We are at a loss to determine if a record was requested by either party. We are also at a loss to determine what evidence was offered, admitted, or considered by the court.

■ It is incumbent on the party who desires to have a record made of the trial

---

**1.** All rule references are to Missouri Court Rules (2006), unless otherwise specified.

**2.** All references to statutes are to RSMo 2000, unless otherwise specified.

proceedings to make such a timely request of the court. *Leahy v. Leahy,* 858 S.W.2d 221, 228 (Mo. banc 1993) (holding that because Appellant failed to request on the record that the proceeding be on the record, the supreme court had nothing to review to determine whether there was insufficient evidence to sustain the trial court's order); *State v. Brown,* 744 S.W.2d 809, 812 (Mo. banc 1988) (stating that "it is the obligation of the party desiring to create a record to do so at the time the statement or event occurred . . . and to furnish that record on appeal."); *State v. Hoopes,* 534 S.W.2d 26, 32 (Mo. banc 1976) (concluding that "[i]f the attorneys or the court had desired to place 'on the record' statements, discussion, or proceedings which took place 'off the record', it was their obligation to do so at the time the statement or event occurred.").

In *Sellenriek,* the court commented that the parties filed an "agreed statement of the record on appeal" pursuant to Rule 81.13. *Id.* at 342 n. 5. It concluded that the statement was insufficient for appellate review in that it only stated that evidence was presented at trial that the appellant had .13% blood alcohol content ("BAC"). *Id.* The court continued that the statement failed to reflect whether the appellant stipulated to the BAC results at trial or whether an objection was made as to the admission of the analysis, and if so, what the basis of the objection was or the court's ruling on any objection. *Id.* The court cited to the requirement in sections 512.180.2 and 478.072.1 that associate circuit judges "preserve the record" by using approved methods of sound recording or a court reporter. *Id.* at 342. In reversing and remanding the case, the court commented that "[w]ithout any evidentiary record, [it was] unable to determine what evidence was admitted, what evidence was rejected, and whether a sufficient case was made." *Id.*

■ We do not have the benefit of a valid stipulation, nor an adequate record before us to determine even whether a record was made. As noted, the trial court was required under sections 512.180.2 and 478.072.1 to make a record of the proceedings. *Sellenriek* was decided in 1992. We have no basis in the record before us to determine if the trial court ignored the requirements of sections 512.180.2 and 478.072.1 and *Sellenriek,* or if either party requested a record. As in *Sellenriek,* it is not clear whether the parties stipulated to the admitted evidence or whether an objection was made, and if so, what the court's basis was for rejecting that objection. The burden was on the Director to provide this court with all the record, proceedings and evidence necessary for a determination of the issue; the Director failed to do so.

■ In so holding, we do not disregard the line of cases subsequent to *Sellenriek* in which this Court has remanded a case for a hearing on the record when no transcript was made. The present case is distinguishable in that the incomplete legal file leaves us uncertain as to whether or not a transcript was made. If no record was made, this Court is at a loss to understand why neither party requested a hearing on the record. It is a waste of judicial resources to continue to remand such cases for a hearing on the record if neither party makes such a request at the outset of the litigation. We find it inappropriate to let either party take a chance at trial, but then appeal in order to receive a second chance if unsuccessful.

The appeal is dismissed.

PARRISH, J., SCOTT, Senior J., concur.