Ralph BUTLER, Respondent,

v.

**MISSOURI STATE CRIMINAL RECORDS REPOSITORY,**
et al., Appellants.

No. ED 89622.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 2007.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Christopher R. Fehr, Jefferson City, MO, for appellant.

Ralph W. Butler, St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

The State of Missouri ("State") appeals the trial court's judgment ordering expungement of an arrest record on Ralph Butler ("Butler") under Section 610.123 RSMo Cum.Supp.2005. We reverse and remand.

## I. BACKGROUND

Butler filed a petition seeking expungement of an arrest. Although the trial court conducted a hearing, it neglected to record the proceedings. The trial court entered judgment in favor of Butler and ordered his record expunged. The State appeals.

## II. DISCUSSION

■ The State alleges that the trial court erred in granting Butler's motion to expunge his arrest record because Butler failed to establish his right to expungement under Section 610.122. Section 610.122 allows a court to expunge any record of an arrest where:

> the court determines that the arrest was based on false information and the following conditions exist: (1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense; (2) No charges will be pursued as a result of the arrest; (3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and (5) No civil action is pending relating to the arrest or the records sought to be expunged.

■ No record was made of the hearing required by Section 610.123, leaving us nothing to review. "A judgment must be based on evidence and not speculation." *Glover v. Saint Louis County Circuit Court*, 157 S.W.3d 329, 331 (Mo.App. E.D. 2005). Without supporting evidence, a judgment cannot stand. *Wesley v. Crestwood Police Dept.*, 148 S.W.3d 838, 840 (Mo.App. E.D.2004). Without a record, it is impossible for this Court to determine what evidence was before the court and this Court may not speculate on the evi-

dentiary basis for the trial court's decision. *Glover,* 157 S.W.3d at 331.

### III. CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a hearing on the record.

CLIFFORD H. AHRENS, and GLENN A. NORTON, JJ., Concur.