Bobbie Gene SMITH, Respondent,

v.

STATE of Missouri, Missouri State Criminal Records Repository and Missouri State Highway Patrol, Appellants.

No. ED 90768.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 28, 2008.

Christopher R. Fehr, Jefferson City, MO, for appellant.

Bobbie G. Smith, High Ridge, MO, for respondent.

## OPINION

GEORGE W. DRAPER, III, Judge.

The State of Missouri (hereinafter, "the State") appeals from the trial court's judgment granting Bobbie Gene Smith's (hereinafter, "Smith") petition for the expungement of his arrest records pursuant to Section 610.123 RSMo (2000).[1] The State argues the trial court erred in not having a hearing on the record. We affirm.

The facts are undisputed. Smith filed his petition for the expungement of his arrest records on October 23, 2007. The State subsequently filed its answer consenting to the expungement of Smith's arrest records and alleging Smith had no criminal record. The trial court held a hearing on December 3, 2007, but the hearing was not recorded and no transcript is available. The trial court entered judgment in Smith's favor and ordered his arrest records expunged. The State appeals.[2]

In its sole point on appeal, the State alleges the trial court erred in failing to have a hearing on the record. The State relies upon this Court's decision in *Butler v. Missouri State Criminal Records Repository*, 241 S.W.3d 429 (Mo.App. E.D. 2007) to support its claim of error.

In *Butler*, the State appealed the trial court's judgment granting the expungement of Butler's arrest records. *Id.* at 430. The State argued on appeal that Butler failed to establish his right to ex-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

2. Smith did not favor this Court with a brief on appeal. There is no penalty for a respondent failing to file a brief. A respondent's failure to file a brief, however, requires this Court to adjudicate an appellant's claim of error without benefit of whatever argument a respondent might have presented.

pungement pursuant to Section 610.122. *Id.* This Court held that it could not review the State's challenge to the sufficiency of the evidence to support the judgment in the absence of a record of the hearing because it was "impossible for this Court to determine what evidence was before the court and this Court may not speculate on the evidentiary basis for the trial court's decision." *Id.* at 430–31. We reversed and remanded the proceedings for a hearing on the record. *Id.* at 431.

While Section 610.123.3 mandates that a hearing be held on the matter, the holding in *Butler* does not require a hearing be held on the record in every instance. In *Butler*, we were restrained from reviewing the State's argument about the sufficiency of the evidence Butler presented in the absence of a record. Here, the State makes no such challenge to the sufficiency of the evidence below; thus, *Butler* is inapplicable here.

■ While *Butler's* holding does not mandate the relief the State seeks, Section 512.180.2 does. That section states as follows:

> In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case *a record shall be kept,* and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices. (Emphasis added).

*See also, Hedrick v. Director of Revenue,* 207 S.W.3d 675, 677 (Mo.App. S.D.2006).

It is clear from the language in Section 512.180.2 that the trial court was required to hold Smith's expungement hearing on the record. We have no basis in the record to determine whether either party requested a hearing on the record or if the trial court ignored the mandates of Section 512.180.2 and the holding in *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 342 (Mo. banc 1992)(requiring all contested civil cases tried before associate circuit judges to be recorded).

The State averred in its statement of facts, "The hearing was not recorded and there is no transcript of the proceedings." The State does not cite any documentation in the legal file to support this self-serving allegation, nor does the legal file contain an affidavit from the circuit clerk or the court reporter that a transcript was not made or cannot be produced. Rule 81.12(c) places the burden upon the appellant to provide this Court with the transcript, legal file, and any evidence necessary for disposition of the issues raised on appeal; here, the State failed to do so. *See Krastanoff v. Williams,* 231 S.W.3d 205, 206 (Mo.App. E.D.2007).

■ "An inaccurate or incomplete transcript does not automatically warrant a new trial." *State v. Bell,* 83 S.W.3d 670, 675 (Mo.App. E.D.2002). A party must exercise "due diligence to correct the deficiency in the record" and demonstrate prejudice resulted therefrom. *Id.; see also, State v. Thomas,* 70 S.W.3d 496, 504 (Mo.App. E.D.2002); *State v. Franklin,* 16 S.W.3d 692, 695 (Mo.App. E.D.2000); *State v. Cooper,* 16 S.W.3d 680, 681 (Mo.App. E.D.2000). Here, the State fails in its point relied on to state what alleged error the trial court committed below or how the State was prejudiced by unavailability of the transcript and the trial court's ruling.

Finally, we echo the admonishment of the Southern District as stated in *Hedrick*, "It is a waste of judicial resources to continue to remand such cases for a hearing on the record if neither party makes such a request at the outset of the litigation. We find it inappropriate to let either party take a chance at trial, but then appeal in order to receive a second chance if unsuccessful." *Hedrick*, 207 S.W.3d at 678. The State's point is denied.

The trial court's judgment is affirmed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.