

# In the Missouri Court of Appeals
# Eastern District
**DIVISION THREE**

| | | |
|---|---|---|
| ELICIA MILTON, | ) | No. ED109705 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | Honorable Matthew H. Hearne |
| ST. LOUIS COUNTY, MISSOURI, et.al, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 15, 2022 |

Elicia Milton appeals the circuit court's denial of her petition for expungement of her arrest record. Because the circuit court did not hold the required evidentiary hearing, we reverse and remand.

## *Background*

Ms. Milton was indicted as committing one count of first-degree statutory sodomy on a child less than twelve years old, a felony under Section 566.062. The State's essential witness failed to appear at trial, even though subpoenaed. The circuit court, on Ms. Milton's motion, dismissed the case without prejudice, for failure to prosecute, on December 14, 2020.[1]

Less than one month later, Ms. Milton petitioned the circuit court for an expungement of her arrest record. Ms. Milton named as defendants numerous law-enforcement agencies, as well as the circuit court and the St. Louis County Prosecuting Attorney's Office. The Missouri State Highway Patrol Criminal Records Repository, the St. Louis County Prosecuting Attorney's Office,

---

[1] The dismissal was prior to the time double jeopardy would have attached.

and St. Louis County, Missouri, (collectively "Defendants"), contested the petition. Each filed a motion to dismiss, arguing that Ms. Milton did not meet the conditions necessary for expungement because Ms. Milton could not prove that no charges would be pursued as a result of the arrest. Defendants noted that no statute of limitations exists for first-degree sodomy, nor for unlawful sexual offenses involving a person eighteen years of age or younger, and as such, criminal prosecution for the offense could commence at any time.[2]

The circuit court heard arguments of attorneys and then denied Ms. Milton's petition. The circuit court concluded, as argued by Defendants, that Ms. Milton's arrest record could not be expunged because Ms. Milton could not allege or prove that no charges would be pursued as a result of the arrest. The circuit court did not hold an evidentiary hearing.

This appeal followed. Ms. Milton alleges the circuit court erred because it misinterpreted Section 610.122, the statute authorizing the expungement of an arrest record. She essentially argues the statute does not explicitly state or imply a statute-of-limitations element or requirement. Ms. Milton additionally alleges the circuit court erred because the court did not hold an evidentiary hearing. We find this last allegation dispositive. Because an evidentiary hearing should have been held, we need not reach the statute-of-limitations argument.

---

[2] Defendants Missouri State Highway Patrol Record Repository and St. Louis County Prosecuting Attorney's Office also asserted that Ms. Milton's petition should be dismissed for insufficient factual pleadings. The two defendants argued that Ms. Milton neither alleged any facts supporting that the arrest sought to be expunged was based on false information, nor any facts supporting that there was no probably cause to believe that she committed the offense. In short, the two defendants argued that Ms. Milton did not plead ultimate facts demonstrating entitlement to an expungement under Section 610.122. We are not persuaded by this argument. Ms. Milton petitioned for expungement of arrest records using the form petition for expungement actions provided by Office of State Courts Administrator. That form was developed and approved for use in Missouri courts. Further, Sections 610.123.1 and 610.123.2 set out the information that must be included in a petition for expungement. Defendants do not argue that any of that information was missing.

*Discussion*

In Missouri, any record of arrest may be expunged if the petitioner establishes certain enumerated statutory requirements, one of which requires a finding that "no charges will be pursued as a result of the arrest."[3] Section 610.122.1; *In re Dyer*, 163 S.W.3d 915, 918 (Mo. banc 2005). The petitioner bears the burden of affirmatively showing each of the required elements for expungement by a preponderance of the evidence. *Dyer*, 163 S.W.3d at 919; *Martinez v. State*, 24 S.W.3d 10, 20 (Mo. App. E.D. 2000).

Section 610.123 sets forth the procedure to be followed for an expungement under Section 610.122. That statutory section plainly and clearly mandates that upon filing of a petition of expungement, the circuit court "shall set a hearing on the matter no sooner than thirty days from the filing of the petition…." Section 610.123.3. Further, the Supreme Court of Missouri, under authority granted by Section 610.123.5, has promulgated rules governing expungement cases brought under Section 610.122. Missouri Supreme Court Rule 155.04(b) unequivocally mandates that "[i]n all actions to expunge records, the court ***shall hold a hearing*** pursuant to the applicable statute." (Emphasis added). The circuit court held no such hearing in this case.[4] *See Martinez*, 24 S.W.3d at 20-21; *see also Jones v. St. Louis County Police Dept.*, 133 S.W.3d 524, 526-27 (Mo. App. E.D. 2004)(noting there must be evidence showing the required elements).

---

[3] Section 610.122 RSMo 2014, the version of the statute that applied to this expungement proceeding, authorized a court to expunge any record of an arrest if: (1) the court determines the arrest was based on false information; (2) there was no probable cause at the time of the expungement action to believe the individual committed the offense; (3) no charges will be pursued as a result of the arrest; (4) the arrest did not lead to a suspended imposition of sentence; (5) the petitioner has no prior or subsequent misdemeanor or felony convictions; and (6) no civil action is pending relating to the arrest or records sought to be expunged. Section 610.122.1; *In re Dyer*, 163 S.W.3d 915, 918 (Mo. banc 2005). The legislature has since amended the statute, effective August 28, 2021, after this expungement proceeding, removing the requirement that the petitioner have no prior or subsequent misdemeanor or felony convictions in order to obtain an expungement.

[4] The circuit court heard arguments of counsel on Defendants' motions to dismiss, but neither party contends there was an evidentiary hearing, nor does the record reflect that the court held an evidentiary hearing. Even if the court held such a hearing, no recording was made of that proceeding. We thus would have to reverse due to a lack of the record. *Butler v. Missouri State Criminal Records Repository*, 241 S.W.3d 429, 430 (Mo. App. E.D. 2007).

The offense of first-degree sodomy indeed carries no statute of limitations. Section 556.036.1. Prosecution may be commenced at any time. *Id.* Moreover, the victim in this case was a minor, and under Section 556.037.1, prosecution for unlawful sexual offenses involving a person eighteen years of age or under may be commenced at any time. Further, a prosecutor has discretion to refile a case that has been dismissed without prejudice, as long as the case is refiled within the time specified by the applicable statute of limitations. Section 56.087.3. Defendants are correct, as it relates to the statute of limitations. The State can charge Ms. Milton in the future. Section 610.122, however, requires only that a petitioner such as Ms. Milton show that "no charges *will* be pursued as a result of the arrest." (Emphasis added).

Without the presentation of evidence on the issue of future charges, it is apparent the circuit court assumed that given the absence of a statute of limitations, Ms. Milton would never be able to show that no charges would be pursued. The circuit court's assumption is too speculative. The statute of limitations does not automatically mean that the State will bring charges in the future. This is especially true in this case where dismissal of the charges was due to the State's essential witness failing to show for trial. Ms. Milton may be able demonstrate, by a preponderance of the evidence, her actual innocence of the offense. She may be able to produce the witness at the evidentiary hearing and persuasively show that the State would never bring charges in the future because of false information or no probable cause. Other possibilities no doubt exist.

Ms. Milton is entitled to present evidence in an effort to show that she meets the specified criteria under Section 610.122, which would warrant an order to expunge her record of arrest. *Martinez*, 24 S.W.3d at 21. The State is likewise entitled to an opportunity to contest Ms. Milton's evidence and present opposing evidence. *Id.* "Only after such an evidentiary hearing at which both parties have a fair opportunity to present their respective cases, is the [circuit] court able to

4

render a proper judgment." *Id*. "A judgment must be based on evidence and not speculation." *Butler v. Missouri State Criminal Records Repository*, 241 S.W.3d 429, 430 (Mo. App. E.D. 2007). Further, the circuit court should hold that evidentiary hearing on the record. *Id*.

### *Conclusion*

We reverse the circuit court's judgment, and remand the cause for an evidentiary hearing and further proceedings consistent with this opinion.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J. and
Colleen Dolan, J., concur.