P.B.S., Plaintiff/Respondent,

v.

PROSECUTING ATTORNEYS OFFICE OF ST. LOUIS COUNTY, Defendant/Appellant.

No. 74879.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 17, 1999.

Robert P. McCulloch, Pros. Atty., Michael Reilly, Asst. Pros. Atty., Clayton, for appellant.

Thomas A. Zotos, Clayton, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

P.B.S. (Respondent) was arrested for the felony of Sale of a Controlled Substance on February 25, 1986. On August 23, 1986, a grand jury indicted Respondent, and he pleaded guilty on December 5, 1986. On January 23, 1987, the Circuit Court of St. Louis County suspended imposition of Respondent's sentence.

Respondent, pursuant to Section 610.122 RSMo (1997),[1] filed a petition requesting that the court expunge his arrest records on June 4, 1998. After an in chambers conference, the court entered a Judgment and Order of Expungement of Arrest Records on July 14, 1998. Respondent provided no evidence at the proceeding. On July 23, 1998, the Office of the Prosecuting Attorney (Appellant) filed a Motion to Vacate, Reopen, or in the Alternative for a New Trial. The court denied Appellant's motion on August 13, 1998.

Appellant contends the court erred in expunging the arrest records because Respondent failed to meet the requirements of Section 610.122. We reverse and remand for further proceedings in accordance with this opinion.

Rule 81.12(a) provides that the record on appeal "shall contain all of the record, proceedings and evidence" necessary to the determination of all questions to be presented to this court. A judgment must be based on evidence and not speculation. *Swallows v. Holden*, 723 S.W.2d 576, 578 (Mo.App. S.D.1987). In general, a judgment is invalid where there is no evidence to support it. *Id.*

Section 610.122 provides that a record of arrest may be expunged if the court determines that the arrest was based on false information and the following conditions exist:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;

(2) No charges will be pursued as a result of the arrest;

(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions; (4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the offense; and

(5) No civil action is pending relating to the arrest or the records sought to be expunged.

Appellant, in its first point on appeal, argues the court erred in expunging Respondent's arrest records because there was no showing that the arrest was based on false information.

The court, in its Judgment and Order of Expungement, found that Respondent's arrest was based on false information. However, the record reveals that Respondent offered no evidence that the arrest was based on false information.

In its second point on appeal, Appellant alleges the court erred in granting an expungement because there was probable cause, at the time of the action to expunge, to believe Respondent committed the offense.

Section 610.122(1) requires that in addition to showing the arrest was based on false information, there must be evidence that there was no probable cause, at the time of the action to expunge, to believe the individual committed the offense. The

1. All statutory references are to RSMo (1997) unless otherwise indicated.

only evidence before the court was Respondent's indictment and guilty plea. There is no evidence that there was no probable cause, at the time of the action to expunge, to believe Respondent committed the offense.

In its third point on appeal, Appellant contends the court erred in granting an expungement because charges were pursued as a result of the arrest.

Section 610.122(2) requires that in addition to showing the arrest was based on false information, there must be evidence that no charges will be pursued as a result of the arrest. Respondent is not entitled to an expungement because the only evidence before the court was Respondent's indictment and guilty plea, and therefore, charges clearly were pursued as a result of the arrest.

In its fourth point on appeal, Appellant argues the court erred in granting an expungement where Respondent received a suspended imposition of sentence for the offense for which the arrest was made.

Section 610.122(4) requires that in addition to showing the arrest was based on false information, there must be evidence that the subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the offense. Respondent received a suspended imposition of sentence for the offense, and therefore, is not entitled to an expungement.

We reverse and remand for further proceedings in accordance with this opinion.

CLIFFORD H. AHRENS, Judge, and ROBERT E. CRIST, Judge, concur.