Aaron WESLEY, Respondent,

v.

## CRESTWOOD POLICE DEPART-MENT and Criminal Records Repository, Appellants.

### No. ED 84101.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 12, 2004.

David F. Barrett, Jefferson City, MO, for appellant.

Stephen C. Banton, Quinn, Ground & Banton, Manchester, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

The Criminal Records Repository ("the State") appeals the trial court's Judgment and Order of Expungement of Arrest Records granting Aaron Wesley's Petition in Equity for Expungement and ordering Mr. Wesley's arrest records closed. The State contends that the trial court erred because (1) Mr. Wesley failed to establish the statutory requirements for expungement, and (2) the judgment ordering the arrest records expunged conflicts with the court's closure of Mr. Wesley's arrest records. Because we agree that Mr. Wesley failed to meet the statutory requirements for expungement, we reverse. We affirm, however, the trial court's ordered closure of Mr. Wesley's arrest records.

### Background

Mr. Wesley filed a verified two-count petition seeking expungement of his arrest records pursuant to Sections 610.122 and 610.123 RSMo 2000.[1] In his petition, Mr. Wesley alleged that he was arrested by the Crestwood Police Department, on November 20, 1999, for petty larceny. Mr. Wesley further alleged, *inter alia*, that there was no probable cause to believe

---

1. All further statutory references are to RSMo 2000 unless otherwise noted.

that he committed the offense and that no charges would be pursued as a result of the arrest. Both counts in the petition requested expungement.

Counsel for the St. Louis County Police Department entered an appearance and took "no position on the Petitioner's petition to expunge records." Counsel for the Prosecuting Attorney of St. Louis County responded with a Motion to Dismiss on the grounds that Mr. Wesley pleaded guilty on March 23, 2000 to the charge of petty larceny and received a fine and therefore did not meet the statutory requirements for expungement. The State filed an Answer on behalf of the Criminal Records Repository asserting that Mr. Wesley's request failed to meet the statutory requirements for expungement because he pleaded or was found guilty and received a suspended imposition of sentence. The State also attached an exhibit to its Answer. The exhibit consisted of Mr. Wesley's eight-page criminal record maintained by the Criminal Records Repository which, among other things, reflected a Crestwood Police Department arrest charge filed against Mr. Wesley for an ordinance violation, a guilty plea to a charge of local offense against property and a Crestwood record of disposition showing a guilty plea and a suspended imposition of sentence, six months' probation and a fifty-dollar fine.

The matter was heard on December 10, 2003. Mr. Wesley appeared. No one appeared on behalf of the State or any other named defendants. As counsel acknowledged at oral argument, the trial judge heard no testimony and did not record any of the proceeding. Two documents were apparently made a part of the record before the trial judge. The first document, a St. Louis County Police record dated August 6, 2002, reflected that Mr. Wesley pleaded guilty to petty larceny on March 23, 2000 and was given a suspended execution of sentence and a fine of fifty dollars. The second document, a St. Louis County Police record dated December 3, 2003 reflected that Mr. Wesley pleaded guilty to petty larceny on March 23, 2000 and received a suspended imposition of sentence with six months' probation and a fifty-dollar fine.[2]

The trial court entered two judgments on December 10, 2003. The first judgment was handwritten and ordered expungement of the "November 20, 1999 convictions for petty larceny" and closing of the arrest records.[3] The second judgment was typed, captioned "Judgment and Order of Expungement of Arrest Records," and ordered expungement of the arrest records. In the typed judgment, the trial court found that Mr. Wesley's arrest was based on false information, that there was no probable cause that Mr. Wesley committed the offense, that no charges would be pursued as a result of the arrest, that Mr. Wesley had no prior or subsequent misdemeanor or felony convictions, that Mr. Wesley did not receive a suspended imposition of sentence and that no civil action was pending relating to the arrest or the records sought to be expunged. The State filed this appeal on March 12, 2004.[4]

2. The State concedes that the August 6, 2002 Arrest Record Information form incorrectly reported a conviction of petty larceny. However, on December 3, 2003, the record was corrected, prior to the disposition of this case, to reflect that Mr. Wesley pleaded guilty to petty larceny and received a suspended imposition of sentence.

3. It should be noted that according to the record, November 20, 1999 is the date of Mr. Wesley's arrest rather than the date of Mr. Wesley's conviction.

4. Wesley argues that the State failed to timely file its Notice of Appeal and failed to timely file its Brief. The State filed a Motion for

It is well-settled that a judgment must be based on evidence and not speculation. *P.B.S. v. Prosecuting Attorneys Office of St. Louis County*, 998 S.W.2d 835, 836 (Mo.App. E.D.1999). Moreover, a judgment may not stand where there is no evidence to support it. *Id.* Rule 81.12(a) provides that the record on appeal shall "contain all of the record, proceedings and evidence" necessary for determination of all questions presented to this Court. *Id.*

In its first point, the State argues that the trial court erred in expunging Mr. Wesley's arrest records because Mr. Wesley did not meet the requirements of Section 610.122. Section 610.122 requires that expungement may be ordered if the court determines that the arrest was based on false information and the following conditions exist: (1) there is no probable cause, at the time of the action to expunge, to believe the individual committed the offense; (2) no charges will be pursued as a result of the arrest; (3) the subject of the arrest has no prior or subsequent misdemeanor or felony convictions; (4) the subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the offense; and (5) no civil action is pending relating to the arrest or the records sought to be expunged. *P.B.S.*, 998 S.W.2d at 836.

The record contains no information from which the trial court could determine that Mr. Wesley's arrest was based on false information. Nor does the record support a finding that there was no probable cause to believe Mr. Wesley committed the charged offense, that no charges were pursued as a result of the arrest or that Mr.

Wesley did not receive a suspended imposition of sentence.

The records attached to the State's Answer establish that Mr. Wesley was arrested, charged, pleaded guilty and received a suspended imposition of sentence, six months' probation and a fine. There was no evidence introduced at the hearing contradicting the State's records. Indeed the documents which Mr. Wesley apparently introduced at the hearing, the two St. Louis County Police Department Arrest Record Information forms, are consistent with the State's records. Both documents establish that Mr. Wesley was charged and pleaded guilty to petty larceny on March 23, 2000. The corrected record, dated December 3, 2003, reflects that Mr. Wesley received a suspended imposition of sentence, six months' probation and a fifty-dollar fine. The record is entirely devoid of evidence supporting the trial court's determination that Mr. Wesley was not convicted of petty larceny.

There is no dispute that an individual who receives a suspended imposition of sentence is not entitled to expungement. *P.B.S.*, 998 S.W.2d at 836. Accordingly, the trial court's order expunging Mr. Wesley's arrest records was in error.

In its second point on appeal, the State concedes that the trial court correctly ordered Mr. Wesley's arrest records closed.

### Conclusion

The judgment of the trial court is reversed and remanded with respect to the trial court's improper expungement of Mr. Wesley's arrest records and affirmed with

---

Special Order on February 19, 2004, requesting leave to file a Notice of Appeal out of time. This Court granted leave on February 27, 2004. The State filed its brief on April 27,

2004 after this Court granted the State's Motion for Extension of Time on April 20, 2004. Therefore, we find no error.

respect to the closure of Mr. Wesley's arrest records.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.