Vicki Caldwell **GLOVER, Respondent,**

v.

**SAINT LOUIS COUNTY CIRCUIT COURT, Saint Louis County Police Department, Defendants,**

and

**Criminal Records Repository, Appellant.**

No. ED 85040.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 22, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., David F. Barrett, Asst. Atty Gen., Jefferson City, MO, for appellant.

Herman L. Jimerson, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The petitioner, Vicki Caldwell Glover, filed a petition seeking expungement of her arrest records pursuant to Section 610.122 RSMo (2000).[1] The Criminal Records Repository (State) filed an answer, objecting, arguing that the petitioner did not meet the statutory requirements for expungement because there was no reason to believe the arrest was based on false information, as petitioner had pleaded guilty to a related charge, and because the petitioner had received a suspended imposition of sentence. The circuit court entered judgment, ordering the expungement of the petitioner's arrest records. The State now appeals.

■ The State alleges the circuit court erred in ordering the expungement of petitioner's arrest records because the petitioner did not establish her right to expungement under the statute. We are unable to review the State's claim, however, because there is no record of the proceedings in the circuit court. This case is unlike those cases where an appellant has failed to provide this Court with a record containing all the documents necessary for appellate review. In those cases where there is an incomplete record on appeal, we dismiss the appeal. *See, e.g., Zlotopolski v. Director of Revenue,* 62 S.W.3d 466, 469 (Mo.App. E.D.2001) *citing Buford v. Mello,* 40 S.W.3d 400, 402 (Mo.App. E.D.

---

1. Section 610.122 provides that a record of arrest may be expunged if the court determines that the arrest was based on false information and the following conditions exist: (1) there is no probable cause, at the time of the action to expunge, to believe the individual committed the offense; (2) no charges will be pursued as a result of the arrest; (3) the subject of the arrest has no prior or subsequent misdemeanor or felony convictions; (4) the subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the offense; and (5) no civil action is pending relating to the arrest or the records sought to be expunged. *Wesley v. Crestwood Police Department,* 148 S.W.3d 838, 840 (Mo.App. E.D.2004).

2001). Here, however, there was no record to file with this Court. The minute entries state that judgment was entered without trial. The minute entries do not reflect that a hearing took place or that evidence was received. The circuit court's judgment makes no reference to the court having received evidence or that a hearing had taken place. The parties concede there is no transcript. The nature of the State's claim challenges the sufficiency of the evidence to support the judgment. Without an evidentiary record, however, we are unable to determine what evidence was before the circuit court, or if that evidence was sufficient to satisfy the statutory requirements for expungement. Without a record, it is impossible for this Court to review the propriety of the circuit court's decision. A judgment must be based on evidence and not speculation. *Wesley v. Crestwood Police Department*, 148 S.W.3d 838, 840 (Mo.App. E.D.2004). A judgment may not stand where there is no evidence to support it. *Id.* Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.