**Jon D. SCHOLLMEYER, Respondent,**

**v.**

**STATE of Missouri, Appellant.**

**No. ED 98614.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 9, 2013.

Joseph Schlotzhauer, Jefferson City, MO, for Appellant.

Daniel E. Hunt, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

The Missouri State Highway Patrol Criminal Records Repository ("State") appeals from the trial court's judgment ordering the expungement of the arrest record of Jon D. Schollmeyer ("Schollmeyer"). We reverse the trial court's expungement of the arrest record and remand.

## I. BACKGROUND

In September 2006, Schollmeyer was arrested in Osage County for stealing under $500 and property damage in the second degree. Subsequently, Schollmeyer entered a plea of guilty to both charges in December 2006, and received a suspended imposition of sentence ("SIS") and two years probation, Case Number 06OS–CR00384. The parties have not favored us with any documents concerning the underlying case or the disposition of those charges, making it impossible to determine what happened in that case. Schollmeyer allegedly entered his guilty plea in reliance upon the Osage County Prosecuting Attorney's ("P.A.") promise that after two years of probation, there would be no criminal record in relation to the September 2006 arrest. Schollmeyer's arrest record was not expunged, and Schollmeyer contends that, as part of his agreement with the P.A., he was promised that his arrest record would also be cleared.

On March 23, 2011, seeking to have this record of arrest expunged, Schollmeyer filed a petition for expungement with the Circuit Court of Osage County. At the hearing on Schollmeyer's petition for expungement, Schollmeyer testified on his own behalf. In his testimony, Schollmeyer admitted he was arrested in Osage County in September 2006 for an offense of stealing and that during the arrest he admitted to the police that he was stealing signs. Schollmeyer also admitted that at his plea hearing, a factual basis for the charges was adduced, he admitted to those charges, and pled guilty to those charges, receiving an SIS and two years of probation.

Schollmeyer further testified that he was not attempting to deny his guilt of the offense for which he sought expungement or claim that the police were lying about the statement he made to police. Rather, Schollmeyer claimed that he was incorrectly informed by the P.A. that there would be no record of the arrest after completing his two years of probation, and that had he known there would still be an arrest record, he would not have pled guilty.

The trial court judge entered judgment in favor of Schollmeyer and ordered that all records related to his arrest for stealing and property damage in Osage County in 2006 be expunged. This appeal follows.

## II. DISCUSSION

In its sole point on appeal, the State argues that the trial court erred in granting Schollmeyer's petition to expunge his arrest record relating to the September 2006 arrest, in that Schollmeyer failed to prove that his arrest was based on false information, that there was no probable cause for his arrest, and that Schollmeyer did, in fact, receive an SIS. Specifically, the State alleges that the trial court erred in granting Schollmeyer's motion to expunge his arrest record because he failed to establish his right to expungement under Section 610.122.[1] We agree with the State.

1. All further statutory references are to RSMo, Cum.Supp.2011, unless otherwise in-dicated.

## Standard of Review

The trial court's application of statutory requirements is a question of law rather than fact, so we review the trial court's decision *de novo*. *Jones v. St. Louis Cnty. Police Dept.*, 133 S.W.3d 524, 525 (Mo.App. E.D.2004).

## Analysis

The expungement statute, Section 610.122, is not complicated:

> Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to section 43.503 may be expunged if the court determines that the arrest was based on false information and the following conditions exist: (1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense; (2) No charges will be pursued as a result of the arrest; (3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions; (4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and (5) No civil action is pending relating to the arrest or the records sought to be expunged.

The State contends that the trial court could not grant expungement because Schollmeyer failed to establish: (1) the arrest was based on false information, (2) that there was not probable cause for the arrest, and (3) that he did not receive an SIS. We agree.

### A. Arrest Was Not Based on False Information; Probable Cause for the Arrest Was Not Lacking; Charges Were Pursued

■ Schollmeyer fails all but two of the requirements. During the expungement hearing, Schollmeyer admitted to the factual bases of his charges, that he pled guilty to those offenses, that he was not attempting to deny guilt for the offenses for which he was arrested or claim that the police were lying about the statement he made to police admitting to the offenses, and that charges were pursued. In fact, Schollmeyer conceded that he was not seeking an expungement because his arrest was based on false information, but rather because he thought the P.A. had incorrectly informed him that his arrest record would disappear after successful completion of the two year probation. In light of Schollmeyer's admissions, there is no evidence to support a finding that his arrest was based on false information, that there was not probable cause for Schollmeyer's arrest, or that charges were not pursued.

As a result of Schollmeyer's failure to satisfy these requirements, he is not entitled to an expungement of his arrest record. *See e.g., Martin v. State*, 267 S.W.3d 808, 809 (Mo.App. E.D.2008) ("Her arrest record is not eligible to be expunged because she fails to meet all of the statutory requirements."). Therefore, the trial court erred in granting Schollmeyer's petition for expungement of his record pursuant to Section 610.122.

### B. No Evidence that There Was Not a Suspended Imposition of Sentence

■ While this Court finds Schollmeyer's failure to meet the requirements of Section 610.122—specifically, the arrest was not based on false information, there was probable cause for the arrest, and there were charges pursued—as sufficient to reverse the trial court's grant of expungement, we find it necessary to further address the litigant's contentions.

Section 610.122(4) requires that the subject of the arrest did not receive an SIS

for the offense for which the arrest was made or for any offense related to the arrest. *P.B.S. v. Prosecuting Attorneys Office of St. Louis Cnty.*, 998 S.W.2d 835, 837 (Mo.App. E.D.1999). Schollmeyer asserts that his SIS should be irrelevant because the disposition was set aside and the charges against him were dismissed. However, at his expungement hearing, Schollmeyer admitted, both on direct and on cross-examination, that he received an SIS.

Therefore, given Schollmeyer's failure to demonstrate that he did not receive an SIS, the trial court further erred in granting expungement of Schollmeyer's arrest record, pursuant to Section 610.122.

## III. CONCLUSION

The judgment of the trial court is reversed. The case is remanded with instructions to reinstate all arrest records relating to case number 06OS–CR00384.

ROBERT G. DOWD, JR. P.J., and ANGELA T. QUIGLESS, J., concurs.