

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| A.L.C., | ) | No. ED99566 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 12SL-PN05652 |
| | ) | |
| D.A.L., | ) | Honorable Dale W. Hood |
| | ) | |
| Appellant. | ) | Filed: February 25, 2014 |

## OPINION

D.A.L. appeals the judgment granting A.L.C. a full order of child protection on behalf of A.L.C.'s three minor children. We reverse and remand.

### I.       BACKGROUND

On December 5, 2012, A.L.C. filed a petition for order of child protection against D.A.L. on behalf of A.L.C.'s three minor children. This action was assigned to an associate circuit judge. On January 17, 2013, the trial court held a hearing on A.L.C.'s petition for order of child protection and subsequently entered a judgment granting A.L.C. a full order of child protection on behalf of A.L.C.'s three minor children. D.A.L. then filed a notice of appeal and requested certified copies of the trial record and proceedings from the circuit clerk. The circuit clerk provided D.A.L. with a copy of the legal file but wrote D.A.L. a letter stating that "there was no formal recording made . . . regarding the hearing date from January 17, 2013, and therefore no transcripts can be provided." D.A.L. now appeals.

## II. DISCUSSION

D.A.L. raises three points on appeal asserting that the trial court erred in granting A.L.C. a full order of child protection. However, we cannot review the merits of this appeal in the absence of a transcript of the January 17, 2013 hearing on A.L.C.'s petition for order of child protection. *See Silman v. Director of Revenue*, 914 S.W.2d 832, 832 (Mo. App. S.D. 1996) (stating that the nonexistence of a transcript precludes appellate review).

With the exception of cases that may be subject to a trial de novo pursuant to section 512.180.1 RSMo Supp. 2005,[1] "[i]n all [] contested civil cases tried with or without a jury before an associate circuit judge . . . a record *shall* be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." Section 512.180.2 (emphasis added). "At the discretion of the judge, but in compliance with the [R]ules of the [S]upreme [C]ourt, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices." *Id*. In cases where there is an incomplete record on appeal because no record was made of the trial court proceeding, we must reverse the judgment of the trial court and remand so that a proper record can be made.[2] *Glover v. Saint Louis County Circuit Court*, 157 S.W.3d 329, 330-31 (Mo. App. E.D. 2005); *Silman*, 914 S.W.2d at 832.

This contested civil case was being tried before an associate circuit judge. Despite the mandate of section 512.180.2, there was no record made of the January 17, 2013 hearing on A.L.C.'s petition for order of child protection. As a result, no transcript could be provided by the circuit clerk and there was no transcript for D.A.L. to file with this Court. In other words, there is an incomplete record on appeal because no record was made of the January 17, 2013 hearing

---

[1] All further statutory references are to RSMo Supp. 2005.
[2] In contrast, in cases where a record has been made of the trial court proceeding and there is an incomplete record on appeal because the appellant fails to provide our Court with all of the documents necessary for appellate review, we dismiss the appeal. *Glover v. Saint Louis County Circuit Court*, 157 S.W.3d 329, 330-31 (Mo. App. E.D. 2005).

on A.L.C.'s petition for order of child protection.  Accordingly, we must reverse the judgment granting A.L.C. a full order of child protection and remand so that a proper record can be made.

### III.    CONCLUSION

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

_____
GLENN A. NORTON, Judge

Roy L. Richter, P.J. and
Clifford H. Ahrens, J., concur

3