

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| S.H., | ) | No. ED107618 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 18SL-PN06319 |
| | ) | |
| P.B., | ) | Honorable Mary Bruntrager Schroeder |
| | ) | |
| Appellant. | ) | FILED:  September 17, 2019 |

## OPINION

P.B. appeals from the trial court's Judgment granting a full order of adult protection against him and in favor of S.H. We reverse and remand.

### Factual and Procedural Background

On December 14, 2018, S.H. filed a petition for an order of adult protection against P.B., and the matter was assigned to an associate circuit judge for a full hearing and determination on the record. That same day, the trial court issued an ex parte order of protection, and a hearing was set for December 31, 2018. On December 18, 2018, P.B. was served with the ex parte order. P.B. filed no consent to a full order of protection. On December 31, 2018, P.B. failed to appear at the scheduled hearing, and a full order of protection was entered against him for a period of one year, effective until December 30, 2019. On January 8, 2019, P.B. filed a notice of appeal. On January 16, 2019, P.B. filed a request for the transcript of the December 31, 2018 hearing, but instead received a letter from the Office of the Circuit Clerk notifying him that "there was no

formal recording made in the above captioned cause regarding the date 12-31-2018; therefore no transcripts can be provided." On January 23, 2019, P.B.'s counsel entered his appearance and filed a Motion to Set Aside Judgment and Order for New Trial, arguing that P.B.'s absence from the December 31, 2018 hearing was the result of a good faith mistake,[1] and denying the claims alleged in the petition for an order of adult protection. A hearing on P.B.'s motion to set aside was set for February 4, 2019. On February 1, 2019, P.B.'s initial appeal was dismissed without prejudice on his own motion. On February 4, 2019, following a hearing, the trial court denied P.B.'s Motion to Set Aside. P.B.'s appeal follows.[2]

## Standard of Review

Our review in a case for an order of protection is the same as in any other court-tried case. B.J.T. v. D.E.C., 567 S.W.3d 688, 690 (Mo. App. E.D. 2019). Thus, we will affirm the trial court's judgment if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. Id. at 690-91.

## Discussion

P.B. raises two points on appeal. However, we are unable to review this appeal in the absence of a transcript of the December 31, 2018 hearing on S.H.'s petition for an order of adult protection.

---

[1] P.B. asserted that, when served with the ex parte order of protection in the instant case, he was also served with a separate ex parte order of protection from case number 18SL-PN06317 with a hearing set for January 7, 2019 in a different division. P.B. noted that he was unaware that the hearing dates for the two cases were on different dates, and he appeared for the January 7, 2019 hearing, believing that both cases were scheduled for that day. P.B. asserted that he successfully contested the ex parte order in case number 18SL-PN06317, but learned only then that a full order of adult protection had already been entered in the instant case in favor of S.H.

[2] S.H. filed no brief in this appeal, and we are therefore without the benefit of whatever argument she might have presented.

"In any case assigned to an associate circuit judge to be heard upon the record as authorized by law, the associate circuit judge shall utilize electronic, magnetic, or mechanical sound, or video recording devices, or a court reporter, or a stenographer for the purpose of preserving the record." Section 478.072.1 RSMo 2000[3]. Likewise, except for cases that may be subject to a trial de novo pursuant to Section 512.180.1, "[i]n all [] contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges…a record *shall* be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." Section 512.180.2 (emphasis added). "At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices." Section 512.180.2. Thus, "[w]hen assigned to hear cases on the record, associate circuit judges are required to 'preserve the record' utilizing approved methods of sound recording or a court reporter." Sellenriek v. Director of Revenue, 826 S.W.2d 338, 342 (Mo. Banc 1992) (citing Sections 472.072 and 512.180.2).

The instant case was assigned to an associate circuit judge. Although required by Sections 478.072 and 512.180.2, no record of the December 31, 2018 hearing on S.H.'s petition for an order of adult protection was made. Thus, while P.B. exercised due diligence in seeking preparation of a complete transcript, the circuit clerk could provide no transcript to P.B., and P.B., in turn, could file no transcript with this Court. The record on appeal, therefore, is incomplete. "In cases where there is an incomplete record on appeal because no record was made of the trial court proceeding, we must reverse the judgment of the trial court and remand so that a

---

[3] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

3

proper record can be made." A.L.C. v. D.A.L., 421 S.W.3d 569, 570 (Mo. App. E.D. 2014); see also, e.g., Lynn v. Plumb, 808 S.W.2d 439, 440 (Mo. App. S.D. 1991) (reversing and remanding cause for preparation of proper record where appellant sought, but could not obtain, transcript because tape of proceeding was lost through no fault of appellant); and Glover v. Saint Louis County Circuit Court, 157 S.W.3d 329, 330-31 (Mo. App. E.D. 2005) (reversing and remanding for further proceedings where no record was made in circuit court, including transcript). Accordingly, we reverse the trial court's judgment granting S.H. a full order of adult protection and remand for further proceedings so that a proper record can be made.

### Conclusion

The Judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

_____
Honorable Mary K. Hoff

Sherri B. Sullivan, Judge and Angela T. Quigless, Judge:  Concur

4