

# In the Missouri Court of Appeals
## Eastern District

**DIVISION THREE**

IN THE MATTER OF:      )   No. ED111010
TIMOTHY LEE ISREAL,    )
               )   Appeal from the Circuit Court
     Appellant.    )   of Perry County
               )
               )   Honorable Craig D. Brewer
               )
               )   Filed: August 15, 2023

Timothy Lee Isreal appeals from the judgment entered by the circuit court adjudging him totally incapacitated and totally disabled and appointing the Public Administrator of Perry County to be his guardian and conservator. Mr. Isreal challenges the sufficiency of the evidence to support the judgment. We reverse and remand due to the lack of a complete evidentiary record.

### Factual and Procedural Background

At the onset of these proceedings, Mr. Isreal was 48 years old and lived alone in an apartment in Perryville. Mr. Isreal has multiple medical issues, namely congestive heart failure, diabetes, and renal insufficiency, which to manage correctly require a certain diet and medications. Mr. Isreal had in-home services, including visiting nurses and home-health aides, to assist him with his medications, cleaning, and food. Mr. Isreal had no primary-care doctor. He would visit the hospital emergency room whenever he felt chest pains or the need for medical care. Mr. Isreal made frequent trips to the emergency room, sometimes making several visits a week. At times, he

would be admitted to the hospital from the emergency room. Between December 12, 2001, and January 6, 2002, Mr. Isreal was admitted to the hospital four times. Records from each admission show that Mr. Isreal was apparently noncompliant with his medications.

Mr. Isreal presented to the emergency room at the Perry County Memorial Hospital in mid-February 2022. The hospital, however, refused to discharge Mr. Isreal without having someone responsible for his care. A legal guardianship process was begun. On February 18, 2022, Dr. Sandeep Rao, an internal medicine hospitalist at the hospital, filed a petition for emergency appointment of a guardian and conservator for Mr. Isreal. Dr. Rao alleged that Mr. Isreal was incapacitated because he "frequently goes to the Emergency Room for treatment because he is noncompliant managing his uncontrolled diabetes resulting in renal failure and hallucinations, leading to possible dialysis that is necessary to maintain life." Dr. Rao additionally alleged that Mr. Isreal lacked the ability to manage his financial resources "due to poor decision making and insight into his medical condition." Dr. Rao sought emergency appointment of a guardian and conservator for Mr. Isreal for the reason that Mr. Isreal "has a long history of noncompliance and now is an immediate health concern. Perry County Memorial Hospital cannot allow him to leave due to his cognition and not having someone responsible to care for him and his needs, therefore posing substantial risk of harm to himself."

The circuit court held a hearing on Dr. Rao's petition. Dr. Rao appeared in person and by counsel. Mr. Isreal did not appear, but was represented by Zachary Rozier, Guardian ad Litem. Witnesses were sworn and evidence was adduced. Two days later, the circuit court issued its order for emergency appointment of guardian and conservator, finding Mr. Isreal to be incapacitated and disabled due to Mr. Isreal's diagnosis of renal failure and kidney disease, as well as his inability to be medication compliant. The circuit court reasoned that Mr. Isreal was in need of a temporary

full guardian because of his apparent failure to take medication as prescribed which had caused Mr. Isreal to be in immediate danger physically and mentally. Additionally, the circuit court concluded that a temporary full conservator was necessary to assist Mr. Isreal in making applications for state and federal aid. The circuit court further found that Mr. Isreal required placement in a supervised living situation.

The circuit court thus appointed Tamara M. Tarrillion, Perry County Public Administrator, as temporary guardian of the person and temporary conservator of the estate of Mr. Isreal, and set the matter for a further hearing to determine if there was a need for permanent full guardianship and full conservatorship. Mr. Isreal was placed in a supervised living facility.

Dr. Rao filed a petition for the appointment of a permanent guardian and conservator for Mr. Isreal. In this petition Dr. Rao alleged that Mr. Isreal was incapacitated in that Mr. Isreal's "apparent failure to take medications as prescribed has caused him to be in immediate danger physically and mentally." Dr. Rao also alleged that Mr. Isreal was unable to manage his own financial resources.

The circuit court held a hearing. At the outset of the proceedings, upon request by counsel for Dr. Rao, the circuit court stated it would take judicial notice of both the file and the previous testimony. The hearing then proceeded, with testimony given by Dr. Rao, Ms. Tarrillion, and Mr. Isreal.

The circuit court issued a judgment of incapacity and disability, declaring Mr. Isreal to be totally incapacitated and totally disabled because he suffers from congestive heart failure, renal failure, uncontrolled diabetes, and diabetic gastroparesis.[1] The circuit court again appointed Ms.

---

[1] The circuit court found Mr. Isreal totally incapacitated and totally disabled as defined in Section 475.010. The concept of capacity has to do with the ability to handle basic requirements for food, shelter, safety and health." *Matter of Nelson*, 891 S.W.2d 181, 184 (Mo. App. W.D. 1995). Section 475.010(11) defines an "incapacitated person" as "one who is unable by reason of any physical, mental, or cognitive condition to receive and evaluate information or

Tarrillion, the Perry County Public Administrator, to serve as guardian and conservator.

Mr. Isreal appeals, challenging the sufficiency of the evidence to support the judgment.[2] Mr. Isreal argues that the evidence and testimony in support of Dr. Rao's petition merely detailed that he disregarded after-care instructions when discharged from the emergency care unit – meaning he did not follow through on maintaining his diet and taking his medications – and that he continued to come to the emergency room when he felt in pain or needed care. In sum, he argues the evidence merely showed a refusal to adhere to advice. He argues no allegation was made or proven that he was physically incapable of caring for himself. He notes there was no mental diagnosis or suggestion that he was incapable of making the decision on how to care for himself. He notes the absence of evidence showing that he was incapable of knowing and appreciating the nature and consequences of his act, or that he was unable to appreciate the dangers that his conduct causes to his body and finances. In sum, he argues no evidence was presented proving that a mental or physical defect was precluding him from being capable of caring for himself, as statutorily required to find him incapacitated and disabled.

Mr. Isreal argues that he has the freedom to adhere to his doctor's advice, and that the failure to adhere to the advice of medical professionals alone does not amount to a determination of incapacity and disability. He contends the circuit court's determination is a finding that the choice to live one's life against the medical advice of a doctor is tantamount to incapacity and

_____

to communicate decisions to such an extent that the person, even with appropriate services and assistive technology, lacks capacity to manage the person's essential requirements for food, clothing, shelter, safety or other care such that serious physical injury, illness, or disease is likely to occur." When a person is adjudged incapacitated, the court may appoint a guardian for the person to oversee the physical needs of the incapacitated person. Section 475.079; *Matter of Nelson*, 891 S.W.2d at 184. "The concept of disability has to do with the ability to manage financial resources." *Matter of Nelson*, 891 S.W.2d at 184. Section 475.010(6)(a) defines a "disabled person" as "one who is unable by reason of any physical, mental, or cognitive condition to receive and evaluate information or to communicate decisions to such an extent that the person lacks ability to manage the person's financial resources ...." When a person is adjudged disabled, the court may appoint a conservator to handle some or all of the financial affairs of the disabled person. Section 475.079; *Matter of Nelson*, 891 S.W.2d at 184.

[2] Though not required to do so, Dr. Rao, the petitioner, did not file a respondent's brief with this Court.

4

disability.

*Discussion*

"The primary purpose of guardianship proceedings is to protect the well-being of individuals who are not able to care for themselves." *In re Link*, 713 S.W.2d 487, 493 (Mo. banc 1986). The beneficial motives behind guardianship, however, "obscure the fact that guardianship necessarily entails a deprivation of the fundamental liberty to go unimpeded about one's ordinary affairs." *Id*. The appointment of a guardian or conservator is purely statutory. *In re Myles*, 273 S.W.3d 83, 85 (Mo. App. E.D. 2008). Like any other matter, careful attention must be paid to the statutory requirements, and the court must ensure that the evidence satisfies those requirements. An appointment must be exercised in the manner prescribed by statute. *Id*. Moreover, an individual seeking appointment as a conservator or guardian has the burden of proving incapacity or disability by clear and convincing evidence.[3] Section 475.075.9; *In re Myles*, 273 S.W.3d at 85.

Mr. Isreal challenges the sufficiency of the evidence to meet the statutory requirements for guardianship and conservatorship. On its face, Mr. Isreal's challenge to the circuit court's judgment appears meritorious. However, we are unable to review Mr. Isreal's claim because this Court does not have the complete evidentiary record upon which the circuit court based its decision. The circuit court first held a hearing on the petition for emergency appointment of guardian and conservator. Witnesses were sworn and evidence was adduced at that hearing. When the parties appeared a second time, for the hearing on the permanent petition, the circuit court stated it would take judicial notice of both the file and the previous testimony. It is clear from the transcript from the second hearing that the petitioner, Dr. Rao, testified at the first hearing. It is

---

[3] "Clear and convincing evidence is evidence that clearly convinces the fact finder of the truth of the proposition to be proved." *Matter of Barnard*, 484 S.W.3d 833, 838 (Mo. App. E.D. 2016). "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *Id*.

5

also clear that the circuit court relied on that previous testimony. We, however, do not have the record or a transcript from that first hearing. Without that record and transcript, we are unable to review Mr. Isreal's claim.[4]

Mr. Isreal challenges the sufficiency of the evidence to support the judgment adjudging him totally incapacitated and totally disabled and appointing a guardian and conservator. Without a complete evidentiary record, however, and in particular a transcript from the first hearing upon which the circuit court relied, this Court is unable to determine what testimony and other evidence from the first hearing was before the circuit court for its consideration. Without a complete evidentiary record, we do not know the entirety of the evidence before the circuit court, or if that evidence was sufficient to satisfy the statutory requirements for guardianship and conservatorship. *Glover v. Saint Louis County Circuit Court*, 157 S.W.3d 329, 331 (Mo. App. E.D. 2005). Without a complete evidentiary record, this Court cannot reasonably infer that the evidence was sufficient or reasonably infer that the evidence was insufficient to support guardianship and conservatorship.

This Court cannot and will not convict the circuit court of error when we do not know what evidence was before it. *State ex rel. Koster v. Whispering Oaks Residential Care Facility, LLC*, 479 S.W.3d 689, 691 (Mo. App. W.D. 2015); *see also, In re Carl McDonald Revocable Tr. Dated Oct. 1, 1979*, 942 S.W.2d 926, 933 (Mo. App. S.D. 1997). Nor may this Court speculate on the evidentiary basis for the circuit court's decision. *Butler v. Missouri State Criminal Records Repository*, 241 S.W.3d 429, 430-31 (Mo. App. E.D. 2007); *Glover*, 157 S.W.3d at 331. "A

---

[4] This case is unlike those cases where an appellant has failed to provide this Court with a record containing all the documents necessary for appellate review. In those cases where there is an incomplete record on appeal, we dismiss the appeal. *Glover*. Here, it is apparent no record of the first hearing exists to file with this Court. "In cases where there is an incomplete record on appeal because no record was made of the circuit court proceeding, we must reverse the judgment of the circuit court and remand so that a proper record can be made." *S.M.W. v. V.M.*, 597 S.W.3d 779, 784 (Mo. App. E.D. 2020); *accord A.L.C. v. D.A.L.*, 421 S.W.3d 569, 571 (Mo. App. E.D. 2014); *Glover*, 157 S.W.3d at 330-31; *Butler*, 241 S.W.3d at 430-31; *Boehm v. Allen*, 524 S.W.3d 542, 545(Mo. App. W.D. 2017); *Silman v. Director of Revenue,* 914 S.W.2d 832 (Mo. App. S.D. 1996); *Lynn v. Plumb*, 808 S.W.2d 439 (Mo. App. S.D. 1991).

judgment must be based on evidence and not speculation." *Glover*, 157 S.W.3d at 331; *Butler*, 241 S.W.3d at 430.

## *Conclusion*

We reverse the judgment of the circuit court, and remand the cause for further proceedings consistent with this opinion.

 

Angela T. Quigless, Judge

Lisa P. Page, P.J., and
Gary M. Gaertner, Jr., J., concur.