

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| J.M.L., | ) | No. ED110665 |
| | ) | |
|    Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Joan L. Moriarty |
| MISSOURI STATE HIGHWAY PATROL, | ) | |
| ET AL., | ) | |
| | ) | |
|    Appellant. | ) | Filed: September 19, 2023 |

**Introduction**

The Missouri State Highway Patrol ("the Patrol") appeals a judgment of the Circuit Court of the City of St. Louis removing J.M.L. from the Missouri sex offender registry under section 589.401 of the Missouri Sex Offender Registration Act ("MO-SORA").[1] In its sole point on appeal, the Patrol argues, under section 589.400.1(7), the circuit court erred in ordering J.M.L. be removed from Missouri's sex offender registry because the circuit court failed to determine whether J.M.L. was required to register under the federal Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901, *et seq.* ("SORNA").

Because there is an incomplete record on appeal preventing this Court from reviewing this claim, we reverse and remand this cause for further proceedings.

---

[1] All Missouri statutory references are to RSMo Cum. Supp. 2019, unless otherwise indicated.

## Factual and Procedural Background

On October 22, 2019, J.M.L. filed a petition for removal from the Missouri sex offender registry. On January 6, 2020, the Patrol sent a letter to the circuit court stating it deferred to the prosecuting attorney. On February 7, 2020, the City of St. Louis Police Division answered and denied J.M.L.'s petition for removal. On August 31, 2021, J.M.L. filed an amended petition for removal. On May 2, 2022, the trial court granted his request for removal.

This appeal follows.

## Standard of Review

"When reviewing a court-tried case, this Court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 898 (Mo. banc 2023) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)); *see also Selig v. Russell*, 604 S.W.3d 817, 820 (Mo. App. W.D. 2020) (quoting *Doe v. Isom*, 429 S.W.3d 436, 439 (Mo. App. E.D. 2014)).

## Discussion

Under section 589.401 "[a] person on the sexual offender registry may file a petition . . . to have his or her name removed from the sexual offender registry." § 589.401.1. Section 589.401 further provides:

> 11. The court shall not enter an order directing the removal of the petitioner's name from the sexual offender registry unless it finds the petitioner:
>
> (1) Has not been adjudicated or does not have charges pending for any additional nonsexual offense for which imprisonment for more than one year may be imposed since the date the offender was required to register for his or her current tier level;
>
> (2) Has not been adjudicated or does not have charges pending for any additional sex offense that would require registration under sections 589.400 to 589.425

2

since the date the offender was required to register for his or her current tier level, even if the offense was punishable by less than one year imprisonment;

(3) Has successfully completed any required periods of supervised release, probation, or parole without revocation since the date the offender was required to register for his or her current tier level;

(4) Has successfully completed an appropriate sex offender treatment program as approved by a court of competent jurisdiction or the Missouri department of corrections; and

(5) Is not a current or potential threat to public safety.

. . .

18. The court shall not deny the petition unless the petition failed to comply with the provisions of sections 589.400 to 589.425 or the prosecuting attorney provided evidence demonstrating the petition should be denied.

§ 589.401.11, .18. Section 589.401 also provides "[t]he prosecuting attorney may present evidence in opposition to the requested relief or may otherwise demonstrate the reasons why the petition should be denied." § 589.401.8.

The procedural history of this case is, at best, ambiguous. The Patrol states in its brief the circuit court held a hearing on November 4, 2021, on J.M.L.'s petition. The Patrol then states the circuit court did not conduct an evidentiary hearing; rather, the case was submitted on the record, citing only the circuit court's judgment as support for that proposition. But, the legal file indicates a hearing was held on November 1, 2021. Neither party could clarify at oral argument: if this hearing actually occurred; what parties, if any, attended the hearing; if evidence was presented at the hearing; if arguments were presented at the hearing; or whether a transcript was made. No transcript was filed with this Court.

Additionally, in his briefs, J.M.L. cites to and supports his argument his removal from the registry was appropriate with multiple documents in his appendix which do not appear to have been filed before or reviewed by the circuit court. "The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *Interest of S.M.W.*, 658

3

S.W.3d 202, 205 n.2 (Mo. App. W.D. 2022) (quoting *Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 244 (Mo. App. W.D. 2020)). Rule 84.04(h), requiring the submission of an appendix, "does not authorize the inclusion of evidence outside the record of appeal." *Id.* (quoting *Sharp*, 612 S.W.3d at 244). "Documents not considered by the [circuit] court and not made part of the record below . . . cannot be introduced into the record on appeal," and "we cannot consider them[.]" *In re J.M.*, 328 S.W.3d 466, 469 (Mo. App. E.D. 2010) (first citing *Winston v. Dir. of Revenue*, 137 S.W.3d 502, 505 (Mo. App. E.D. 2004); then citing *Southwestern Bell Media, Inc. v. Ross*, 794 S.W.2d 706, 708 (Mo. App. E.D. 1990)). "We cannot accept the statements in a party's brief as a substitute for the record on appeal." *Tatum v. Tatum*, 577 S.W.3d 146, 153 (Mo. App. E.D. 2019) (quoting *Trout v. Gen. Sec. Servs. Corp.*, 8 S.W.3d 126, 130 (Mo. App. S.D. 1999)). Because there is no record of any hearing, it is unclear what evidence was before the circuit court in making its decision.[2]

"This Court cannot and will not convict the circuit court of error when we do not know what evidence was before it." *Matter of Isreal*, No. ED 111010, 2023 WL 5207963, at *4 (Mo. App. E.D. Aug. 15, 2023) (mandate issued Sept. 7, 2023) (citing *State ex rel. Koster v. Whispering Oaks Residential Care Facility, LLC*, 479 S.W.3d 689, 691 (Mo. App. W.D. 2015)). "Nor may this Court speculate on the evidentiary basis for the circuit court's decision." *Id.* (first citing *Butler v. Mo. State Crim. Recs. Repository*, 241 S.W.3d 429, 430 (Mo. App. E.D. 2007); then citing *Glover v. Saint Louis Cnty. Cir. Ct.*, 157 S.W.3d 329, 331 (Mo. App. E.D. 2005)). "A judgment must be based on evidence and not speculation." *Butler*, 241 S.W.3d at 430 (quoting *Glover*, 157 S.W.3d at 331).

---

[2] J.M.L.'s first amended petition also references exhibits which are not included in the legal file. It is unclear if these exhibits were before the circuit court given "[w]hen an amended petition is filed, the original is abandoned and superseded by the amended pleading . . ." *Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 330 (Mo. App. E.D. 2022) (quoting *McDonald v. City of K.C.*, 285 S.W.3d 773, 774 (Mo. App. W.D. 2009)).

4

"In cases where there is an incomplete record on appeal because no record was made of the circuit court proceeding, we must reverse the judgment of the circuit court and remand so that a proper record can be made." *Matter of Isreal*, 2023 WL 5207963 at *3 n.4 (quoting *S.M.W. v. V.M.*, 597 S.W.3d 779, 784 (Mo. App. E.D. 2020)); *see also A.L.C. v. D.A.L.*, 421 S.W.3d 569, 571 (Mo. App. E.D. 2014); *Glover*, 157 S.W.3d at 330–31; *Butler*, 241 S.W.3d at 430–1; *Boehm v. Allen*, 524 S.W.3d 542, 545 (Mo. App. W.D. 2017); *Silman v. Dir. of Revenue*, 914 S.W.2d 832, 833 (Mo. App. S.D. 1996); *Lynn v. Plumb*, 808 S.W.2d 439, 440 (Mo. App. S.D. 1991). Because there is an incomplete record on appeal preventing this Court from reviewing this claim, we reverse and remand this cause for further proceedings.

## Conclusion

We reverse the circuit court's judgment and remand the cause for a hearing under sections 589.400 and 589.401 and to develop a record that allows for appropriate appellate review.

_____
Philip M. Hess, Judge

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.